CASE 128—EQUITY—NOVEMBER 14.

## Nichols v. Sennitt, &c.

APPEAL FROM GREENUP CIRCUIT COURT.

1. In a petition to recover a homestead it is not necessary to aver that the improvements on it were made prior to the creation of the debt. This is matter contained in a separate section of article 13, title "Executions," and must be pleaded by the defendant resisting the homestead.

2. Where exceptions to the general provisions of a statute are found in a distinct clause, the plaintiff need not allege that he is not within them.

3. The facts alleged make out a *prima facie* case within the statutory exemption, and it is for the appellee to allege and show that the appellant was excepted out of the general provision.

4. If the land was purchased or the improvements made prior to the crea-- tion of the debt, the homestead right attaches when the claimant is in occupancy as a housekeeper in good faith at the time the attempt is made to subject it by execution. -

T. H. POYNTER FOR APPELLANT.

1. The allegation that the improvements upon the land sued for as a home-- stead were made prior to the creation of the execution debt, is unnec-- essary. Inasmuch as the exception to the general provisions of the statute is contained in an entirely separate section, it is matter to be relied upon, and must be pleaded by the appellee. (Stevenson v. Marony, 29 Ills., 534; sec. 9, art. 13, chap. 38, Gen. Stat.; 1 Chitty's Plead., 254; Ib., 256; Commonwealth v. McClanahan, 2 Met., 10.)

5. If appellant was occupying the land claimed as a homestead at the time appellee attempted to subject it to the payment of his debt, it is suf- ficient. (Kenney v. Wheeler, MS. Opin., 1868.)

Nichols v. Sennitt, &c.

ED. F. DULIN for appellee.

1. Appellant did not reside upon the land when the debt was created, and was not a married man with a family. When the execution was levied he was married, but did not reside on the land. (Knight v. Whitman, 6 Bush, 54; Kibby v. Jones, 7 Ib., 44.)

2. It is not averred that the improvements were made on the land before the debt was created. Without this allegation the petition is insufficient.

JUDGE HINES delivered the opinion of the court.

This is an action to secure the allotment of a homestead out of property sold under execution. Two questions are presented:

*First.* Is the petition sufficient? It states, that at the time of the levy and sale under execution appellant was a housekeeper, in good faith, with a family, and occupying as a homestead the premises sold, but does not allege that the improvements were made prior to the creation of the debt. It is insisted that, by reason of the failure to so allege, the petition is fatally defective. We think not. The homestead exemption is given in section 9 of article 13, chapter 38, of General Statutes, while the exception referred to is in section 16 of the same article, which provides that the homestead shall not attach "if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements." When exceptions to the general provisions of a statute are found in a distinct clause, it is not necessary to allege that the complainant does not come within the exception. (Commonwealth v. McClanahan, 2 Met., 10; Stephens on Pleading, —.) The statement of the facts as set up in the petition made a *prima facie* case within the statutory exemption, and devolved the duty on appellee to allege and prove that appellant was excepted out of the general provision.

*Second.* Does the answer set up a defense to the action? It does not deny that appellant was a housekeeper at the time the execution was levied and at the time of the sale, but an attempt is made to avoid the execution by alleging that, although appellant was the owner of the land at the time the debt was created, he did not occupy the premises as a homestead until some time after the creation of the debt. To this answer the court sustained a demurrer. The sole inquiry is: Must the homestead exist at the time the debt is created, or is it sufficient that it exists at the time the attempt is made to subject the property?

It seems to have been held in Texas, Mississippi, and Nevada that an occupancy at any time prior to the sale is sufficient to entitle the occupant to a homestead. (Thompson on Homestead Exemptions, sec. 246.) We will not stop to inquire how far the decisions in the states mentioned are authority here by reason of the similarity of the statutes, because it appears to us that the homestead statute in this state is subject to but one construction, and that is, that if the land was purchased or the improvements made prior to the creation of the debt, the homestead right attaches when the claimant is in occupancy as a housekeeper in good faith at the time the attempt is made by execution to subject the land. The clause of the statute giving the homestead is general in terms, allowing the exemption to all *bona fide* housekeepers with families, and without reference to the time at which the homestead may have been created by actual occupancy. The 16th section of the 13th article of chapter 38 provides that the exemption shall not apply if the debt existed prior to the purchase of the land or prior to the erection of the improvements. This seems necessarily to imply that if the purchase of the land or the erection of

Nichols v. Sennitt, &c.

the improvements was prior to the creation of the debt, the homestead existed without other condition than that the claimant be a housekeeper with a family, and in occupancy at the time it is attempted to enforce the claim. It is a reasonable presumption that if it had been the intention of the law-makers to attach the condition of occupancy *prior* to the creation of the debt, it would have been expressed, as in the case of the purchase of the land and the making of the improvements. This construction does not withdraw from the creditor property to which he had a right to look, for the statute gives the debtor the right to perfect his inchoate homestead right by occupancy, when his purchase was made prior to the creation of the debt, and the creditor contracts with reference to the existence of this right. What was said in regard to this matter in Griffin v. Proctor (14 Bush, 572), was simply the expression of the views of the judge who prepared the opinion. It was not necessary to a decision of the questions being considered, and is not therefore an authoritative adjudication of this question, which is for the first time properly presented.

The demurrer to the answer should have been sustained.

Judgment reversed, and cause remanded, with directions for further proceedings.