Louisville and Nashville Railroad Company v. Belcher.

CASE 30—PETITION ORDINARY—OCTOBER 15.

# Louisville and Nashville Railroad Company v. Belcher.

APPEAL FROM LOGAN CIRCUIT COURT.

89 193
f 102 536

89 193
104 554

89 193
109 791

1. KILLING OF STOCK BY RAILROAD TRAIN WHERE THERE HAS BEEN NO COMPENSATION FOR FENCING.—To entitle the owner of stock injured or killed on the track of a railroad, by the cars of the company, to recover of the company one-half the loss sustained, under section 2 of chapter 57, General Statutes, the plaintiff need not allege or prove negligence.

2. SAME—PLEADING.—Where the plaintiff, suing under that statute, is the mere occupant of the land, and not the owner, he must allege that neither he nor the owner has received compensation for fencing; it is not sufficient to allege that *he* has not received such compensation; and from the allegation that he "occupied" the premises the presumption must arise that he was not the real owner.

   In suing under a statute the plaintiff must, by his petition, negative an exception which forms a part of the clause imposing the liability.

3. SAME—STATUTE CONSTITUTIONAL.—The fact that the statute makes railroad companies liable for losses not resulting from their negligence, and thus imposes upon them a liability that is not imposed upon other citizens, does not render it unconstitutional. Since extraordinary rights and privileges are granted such corporations they can not complain of the liabilities which attach.

WILBUR F. BROWDER FOR APPELLANT.

1. The petition is insufficient, because it does not aver that the *owner* of the land had not received compensation for fencing. It merely avers that the plaintiff *occupied* the land, and that *he* had not received compensation for fencing it.

2. The statute, by virtue of which the plaintiff seeks to recover (section 2 of chapter 57, General Statutes) is unconstitutional.

Louisville and Nashville Railroad Company v. Belcher.

Where a person in the performance of a lawful act causes an injury to the person or property of another, he is not liable in the absence of negligence. (L. & F. R. Co. v. Milton, 14 B. M., 61; Hartsman v. C. & L. R. Co., 18 B. M., 221; Morrison v. Thurman, 17 B. M., 250; Brown v. Kendall, 6 Cush., 292; Wakeman v. Robinson, 1 Bing., 213; Vincent v. Stenehour, 7 Vt., 69; Strouse v. Whittlesey, 41 Conn.; Clarke v. Foote, 8 Johns., 422; Simons v. Monier, 29 Barb., 419; Stuart v. Handley, 22 Barb., 619; Bizzell v. Booker, 16 Ark., 308; Lansing v. Stone, 37 Barb., 15; Hinds v. Barton, 25 N. Y., 544; Brown v. Collins, 53 N. H., 422; Sheldon v. Sherman, 42 N. Y., 484; Levezzey v. Philadelphia, 64 Penn., 106; Ryan v. N. Y. C. R. Co., 35 N. Y., 210; Gault v. Hume, 20 Md., 297.)

And any statute which singles out railroad corporations, and makes them liable for losses resulting to others from the lawful use of their property, without fault or negligence on their part, while other classes of citizens are by law granted immunity from such liability, is a denial of "the equal protection of the laws" to one class of citizens, and deprives them of their property without "due process of law," and is, therefore, in violation of both the State and Federal Constitutions. (Federal Const., art. 14, sec. 1; Idem, art. 5; Const. of Ky., art. 13, secs. 1, 2, 3; Cooley's Const. Limit., pp. 433, 437; Missouri Pacific R. Co. v. Humes, 115 U. S., 512; Atchison & Nebraska R. Co. v. Baty, 5 Neb., 37; 29 Am. Rep., 356; Hancock Stock and Fence Law Co. v. Adams, 10 Ky. Law Rep.)

There is no legal obligation resting upon appellant to fence any part of its road in this Commonwealth (L. & F. R. Co. v. Milton, 14 B. M., 61; Hartsman v. C. & L. R. Co., 18 B. M., 221), and, therefore, it cannot be required to compensate or pay adjacent land-owners the cost of fencing their lands along its right of way.

THEO. B. BLAKEY.

In consideration of the powers and privileges which the Legislature confers upon a corporation, it may impose such liabilities and restrictions as it deems proper. Therefore, section 2 of chapter 57 of the General Statutes is not in violation of the Constitution. (Mortimer v. L. & N. R. Co., 10 Bush, 486; O'Bannon v. L., C. & L. R. Co., 8 Bush, 350; Townsley v. Missouri Pac. R'y Co., 1 S. W. Rep., p. 15 and note; Donovan and others v. Hannibal & St. J. R. Co., Id., p. 232; Beckdolph v. Grand Rapids & I. R., 1 Northeastern Rep., p. 686.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Section 2 of chapter 57, General Statutes, title *Injuries to Person or Property*, provides: "If, by the

locomotives or cars of a railroad company, cattle or other stock shall be killed or injured on the track of said road, *adjoining the lands belonging to or in the occupation of the owner of such cattle or stock,* who has not received compensation for fencing said land along said road, the loss shall be divided between the railroad company and the owner of such cattle or stock, unless the killing or injury arose from the willful act or carelessness or negligence of the agents or servants of such company, in which case the whole loss shall be paid by such company."

As we construe this statute, the question of negligence on the part of the company is not required to be alleged or proven in order to entitle the owner of the stock killed or injured to recover of the company one-half the loss sustained. This action by the appellee is based on the statute, and a recovery having been had in the court below on an admission of the facts alleged by the demurrer filed, the sole question presented is, did the facts alleged, if true, authorize the judgment, the appellant having declined to amend when the general demurrer was overruled?

It is alleged by the plaintiff that his horse was killed on the track of the railroad adjoining the lands in his occupancy, and that he had not received compensation from the company for fencing along said road. All the essentials to constitute a cause of action are set forth, except the alleged failure on the part of the company to compensate the owner of the land to enable him to make this fencing. If neither the owner nor the one occupying the land adjoining the track of the company where the stock was injured had received compen-

sation, a right of action existed for the loss sustained.
Under the statute, however, compensation may not have
been made the one in possession, and still no cause of
action to the occupant if compensation had been made
the owner of the adjoining land. The statute reads
"killed or injured on the track of said road adjoining
the lands belonging to or in the occupation of the
owner of such cattle or stock *who has not received
compensation*." The owner of the land may recover
when no compensation has been made him, or the oc-
cupant may recover if neither has been compensated.
If the fact that the owner of the land has not been
furnished with the means to construct the fence is a
matter of defense, then that fact should have been
pleaded, and the demurrer was properly overruled.
The presumption must arise from the averment, *the
plaintiff occupied the premises*, that he was not the
real owner, and if compensation has been made the
owner, this action must fail. If, then, under this
section of the statute, the facts alleged by the
plaintiff could be admitted, and still, by reason of
the very clause upon which the recovery depends,
a state of fact might exist preventing the recovery,
the existence of such facts must be negatived by
his pleading. The general rule in pleading, "that
matter which should come more properly from the
other side need not be stated," does not apply to
a case like this. The general rule, says Mr. Bliss,
in declaring on a deed or other instrument con-
sisting of distinct parts, is only to state so much as
makes *prima facie* a cause of action, and if any other
part furnishes the means of defeating the action, it

comes from the defense. The difference is, "when the exception is embodied in the body of the clause, he who pleads the clause ought to plead the exception; but where there is a clause for the benefit of the pleader, and then a proviso which is against him, he shall plead the clause and leave it to his adversary to show the proviso." It is well understood that if the proviso is in the body of the covenant, in the nature of an exception, the liability must be consistent with the exception, and must be noticed by the pleader. (Bliss on Code Pleading, page 102.)

Mr. Newman, in his work on pleading, says: "If the defendant's promise contains, as part of it, an exception which qualifies his liability, or in certain contingencies renders him altogether irresponsible, the petition must, ordinarily, notice the exception or proviso. But when the proviso is distinct from the promise made, and does not vary its legal effect, it is not necessary to notice it." (Newman's Pleading, 398.)

The obligation on the part of the company imposed by the statute is to furnish the owner or the occupant the means to construct fencing in order to prevent the injuries complained of. The body of the statute, in the one section and in the same sentence, relieves the company from liability upon compensation to either party; and while it may be neither an exception nor a proviso, in a technical sense, it is plain that the clause of the statute under which the recovery is sought makes the right of action, when the occupant sues, depend upon the failure by the company to compensate either the owner or the occupant to enable them to provide against such loss.

As this case must go back with directions to sustain the demurrer, with leave to amend, it is proper to notice the constitutional question raised by the appellant.   It is argued the appellant is deprived of his property by this statute that fixes one grade of liability for it that is not imposed on other citizens under like circumstances.   We understand that this same liability is imposed on all such corporations, and when exclusive, or if not exclusive, extraordinary rights and privileges are granted such corporations, there is no reason why some liability should not attach for the protection of both person and property. While the consideration for such peculiar privileges granted to corporations is the benefit to the public, the danger resulting from the operation of railways demands some legislation that will result in an equitable adjustment of the loss between the owner of stock and the railroad company, when the latter, whether negligently or by accident, destroys it.   Such legislation is not inhibited by any provision of the Constitution, and when such rights and privileges are conferred on corporations that do not pertain to the citizen, and of which the citizen can not complain, certain liabilities will necessarily attach for the privileges granted.   The common law liability has been changed by repeated statutes, and the rights and duties of corporations regulated by such legislation as was deemed necessary for the protection of property, and we think there is no room to question the constitutionality of the act under which this judgment was rendered.

For the reasons indicated, the judgment is reversed, with directions to sustain the demurrer, with leave to

the plaintiff to amend, and for proceedings consistent with this opinion.

Missouri Pacific Railway Company v. Humes, 115 U. S., 512; Johnson v. St. Louis, &c., Ry. Co., 76 Mo., 553; Mackie v. Central Railroad Co., 54 Iowa, 540.