CASE 87—PETITION ORDINARY—January 7.

102  533
113  294
114  836

# Central Kentucky Asylum v. Penick, Committee.

APPEAL FROM GREEN CIRCUIT COURT.

1. INSANE ASYLUMS—ACTION BY—PLEADING.—Under the provisions of Sec. 257 of the Kentucky Statutes a petition in the name of an insane asylum to recover the board of a patient, which alleges in the language of the statute that a patient has estate which can be subjected to the payment of the debt, and that the defendant who is committee for the insane person has ample and efficient means and assets in his hands to pay off the debt, presents a good cause of action, although the proceedings should have been *in rem* and not at law.

2. EXCEPTIONS IN STATUTE—PLEADING.—Where there is a saving, exception, or proviso in the statute which is not. in the same section which confers the right, it is a matter of avoidance and defense, and need not be negatived by the plaintiff in his petition.

HENRY & WOODWARD, FOR APPELLANT.

1. Every fact necessary to recover under the statute) has been carefully alleged and the language of the statute strictly followed. Where a right of action grows out of a statutory enactment it is sufficient in a suit thereon to follow the language of the statute.

2. The question as to whether the action should have been brought in equity could not be raised by the demurrer; a demurrer will not, be sustained if the petition states a cause of action in any form. Hill v. Barrett, 14 B. M., 67; Foster v. Watson, 16 B. M., 387; Robinson v. West, 14 B. M., 3; Landsdale v. Mitchell, 14 B. M., 48.

3. It was not necessary to allege a promise; a statement of facts showing an implied promise is sufficient. 4 Met., 284; 2d Bush, 198; Eversole v. Moore, 3 Bush, 51; Haddix v. Wilson, 3 Bush, 523; 82 Ky., 202 and 293.

B. W. PENICK, FOR APPELLEE.

1. The statute uses the expression "acquires estate which can be subjected to a debt, etc.," thus indicating that the verdict and judgment that the patient was a pauper lunatic is to be considered conclusive, and that only such property or estate as may be thereafter acquired can be subjected for his board, etc., and there is no allegation of any newly acquired estate.

2. A judgment. *in rem* and the sale of the ascertained estate is the only way by which the indebtedness can be measured and ascertained, and the only way in which a judgment against the patient in excess of his estate could be guarded against.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The statute providing for the collection of board for the keep of patients committed to insane asylums reads as follows:

"When patients, who have been or may be supported in either of said asylums, have or shall acquire estate which can be subjected to debt, the board of commissioners of such

asylum, when reliably informed of the fact, is authorized and directed, in every such case, to sue for, in the name of the asylum, and recover the amount of such patient's board, at the rate of $200 per year, or so much thereof as such estate will suffice to pay for the time they shall have been respectively kept and maintained therein, and not otherwise paid for, and by proper proceedings to subject their estates, respectively, to the payment thereof.     *     *     *

"The net sum realized in such suits shall be paid over to the State auditor," etc.   (Section 257, Kentucky Statutes.)

In this suit by the appellant, Central Asylum, against the appellee, as the committee of one W. W. Anderson, for the board of the latter, it is averred in substance that Anderson, in August, 1893, was found to be of unsound mind and a lunatic, after due inquest held by a jury of Green county, and under proper orders of a court having jurisdiction, was placed in the appellant's care, where he has since been confined and boarded. The amount of board due at the rate of $200 per year is set out, and it is alleged that no part of it has ever been paid.

It is alleged further that the appellee is the regularly appointed committee for Anderson, and that "Anderson has estate which can be subjected to said debt," of which fact the board of commissioners of the asylum, it is averred, "has been reliably informed."

By an amended petition it is further alleged that the defendant, Penick, as committee of said Anderson, "has ample and sufficient means and assets in his hands to pay off the debt sued on." The trial court sustained a demurrer to the petition as amended, and dismissed the proceeding.

It may be admitted that the pleadings of the appellant are indefinite and unsatisfactory, and that as the purpose of the statute was to reach the estate of the lunatic and subject so much of it as might be sufficient to pay the board account the proceeding ought to have been *in rem*; still if a cause of action is in fact stated, even though indefinitely and on the wrong side of the docket, a demurrer could not reach the supposed defects.

If it be true that the lunatic has, in the language of the statute and of the petition, "estate which can be subjected to debt," and his committee has in his hands ample and sufficient means and assets to pay off the debt sued on, why may not the plaintiff be entitled at any rate to a reference which will disclose the nature and amount of the estate? The very language of the statutory provision authorizing a recovery in such cases is followed by the pleader, and if other provisions of the law are to be invoked to defeat the claim they must be set up by answer.

The asylum rests its case on the statute we have quoted, and it has often been held that where a saving exception or proviso in a statute is not in the same section which confers the right, it is a matter of avoidance and need not be anticipated by the pleader claiming the benefit of the statute. (Miller v. Jolly, 5 Ky. Law Rep., 327; L. & N. R. R. Co. v. Belcher, 89 Ky, 193; Nichols v. Sennitt, 78 Ky., 630.)

There are found certain distinct sections of the statute on charitable institutions declaring that insane persons are to be deemed paupers, if, according to the finding of a jury, they are unable to pay as much as six months' board in advance, or, if married, be unable to pay said board besides

providing others naturally dependent on them. (Section 256, Kentucky Statutes). But these provisions when applicable to any given case are matters of defense.

The judgment dismissing the petition is reversed for proceedings consistent herewith.