## Marshall v. Tully, et al.

(Decided December 16, 1921.)

### Appeal fom Logan Circuit Court.

1. Statutes—Pleading Public Statute—Exceptions.—One who asserts a right which is conferred by a statute subject to a specified exception, must negative the exception if it is contained in the same sentence or paragraph of the statute that creates and defines the right, but if the exception is not contained in the sentence or paragraph that creates and defines the right, but is found in a separate section or distinct proviso or paragraph it is matter of defense to be pleaded by the adverse party.

2. Statutes—Pleading Public Statute—Exception.—Applying this long established rule of pleading to article 13, chapter 39 of the General Statutes, which formerly created and defined the right of homestead, we uniformly held that an exception to the right found in a separate and distinct section of that statute was matter of defense and need not be negatived by one claiming homestead; but applying the same rule of pleading to section 1702, Ky. Stats., which now confers and defines the right of homestead, the same exception thereto being contained in the same sentence and paragraph that confers the right, the one who asserts the right must negative the exception.

3. Pleading—Burden of Proof.—The duty of pleading facts in order to state a cause of action or defense carries with it the burden of proving such facts; and this burden is not shifted because the issue is irregularly formed.

S. R. CREWDSON and O. N. SMITH for appellant.

I. G. MASON for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by an execution defendant from a judgment overruling and dismissing her motion to quash the levy of the execution upon her land and to set aside the execution sale of same.

The validity of the levy and sale is questioned solely upon the ground that the land was exempt therefrom as a homestead by section 1702, Kentucky Statutes, and the case having been submitted upon the pleadings without proof, the single error complained of upon this appeal is that the judgment should have been for appellant instead of appellees because the burden of proof upon the one issue of fact was upon the latter.

Section 1702 of the statutes, in so far as it is here involved, provides that there shall be exempted from sale

under execution "so much land, including the dwelling house and appurtenances owned by debtors, who are actual *bona fide* housekeepers with a family resident in this Commonwealth, as shall not exceed in value one thousand dollars; but this exemption shall not apply to sales under execution . . . . if the debt or liability existed prior to the purchase of the land."

Appellant by the allegations of her written motion and notice brought herself and the land levied upon within the provisions of this statute except that she failed to show she did not come within the exception by denying that the debt existed prior to her purchase of the land.

Appellees filed a written response which did not deny any of the allegations of fact contained in the notice and motion but simply alleged that the execution debt was created and existed prior to the purchase of the land by appellant, which allegation was traversed of record.

The rule of pleading is thoroughly established in this state that one who asserts a right, which is conferred by statute subject to a specified exception, must negative the exception if it is contained in the sentence or paragraph of the statute that creates and defines the right; but if the exception is not found in the sentence or paragraph that creates and defines the right, but is contained in a separate section or distinct proviso or paragraph, it is matter of defense to be pleaded by the adverse party. This rule is applicable alike in both civil and criminal proceedings. Central Kentucky Asylum v. Penick, 102 Ky. 533, 44 S. W. 92; Bush v. Wathen, 104 Ky. 548, 47 S. W. 599; Becker, etc. v. Crowe, etc., 7 Bush 201; L. & N. R. R. Co. v. Belcher, 89 Ky. 194, 12 S. W. 195; Commonwealth v. Meeks, 192 Ky. 690; Dials v. Commonwealth, 192 Ky. 440.

Applying this rule to the notice by which the proceeding was instituted and which by the Code must be in writing (sec. 624) and state the nature and grounds of the motion (sec. 446) and, as we have frequently held, must contain the requisite of a petition (note (b) page 1364, 3rd Newman's Pleading and Practice), it is at once apparent that it was incumbent upon appellant, in order to manifest her right to homestead in the land levied upon and sold, to negative the exception which is contained in the same section and sentence of the statute that confers the right. It follows, of course, that the burden was upon her to prove all the facts that she had to plead in order to state her cause of action. And she was

not relieved of that burden simply because the appellees, instead of taking advantage of the insufficiency of her pleading by demurrer, supplied the deficiency by their response and thus irregularly but just as effectively formed the issue. This very question was so decided in Robertson v. Robertson, 14 R. 505, 20 S. W. 543.

We have not overlooked the fact that in Nichols v. Sennitt, 78 Ky. 630, 1 R. 397; Snapp, etc. v. Snapp, etc., 87 Ky. 554, 9 S. W. 705; Robertson v. Robertson, *supra;* Morehead v. Morehead, 25 S. W. 750, 16 R. 34, and possibly other cases, it was held that it was not necessary for the one asserting the right of homestead to negative this exception, but those cases were decided with reference to the homestead law as it existed prior to the enactment of the present law in 1893. The right of homestead was then conferred by section 9 of article 13, chapter 38 of the General Statutes in almost the same terms as it is now conferred by section 1702 of the statutes except that the exception now found in the same clause that confers the right was in the older law found in section 16, an entirely separate and distinct section of the statute. And it was upon this fact alone that under the old law the exception was held to be matter of defense to be pleaded by the adverse party; but, applying the same rule of pleading to the changed condition of the statute, the duty of pleading the exception now falls upon the one asserting the right.

If this may seem strange it need only be said that the burden of pleading and proving the exception has been changed by the legislature and not by the courts, since it must be presumed that the legislature altered the statute with knowledge and in contemplation of the long established rule of pleading that it did not change and which had been uniformly applied to the statute for many years before.

Wherefore, the judgment is affirmed.