SCHAER v. LITTLE ROCK.

Opinion delivered February 25, 1929.

R. P. Taylor, for appellant.
W. W. Shepherd and W. R. Donham, for appellee.

HUMPHREYS, J. This is a suit in mandamus by appellants to compel appellees to pass an ordinance creating a street improvement district out of certain territory within the city of Little Rock.

Appellants are property owners within the proposed district, and petitioned the city council of Little Rock, under § 5649 of Crawford & Moses' Digest, to lay off the territory described in their petition into a street improvement district, which the city council declined to do, after hearing testimony introduced for and against the creation of the district. The section of the Digest referred to is as follows:

"When any ten owners of real property in any such city, or incorporated town, or any portion thereof, shall petition the city or town council to take steps toward making of any such local improvement, it shall be the duty of the council to at once lay off the whole city or town, if the whole of the desired improvement be general and local in its nature to said city or town, or the portion thereof mentioned in the petition, if it be limited to a part of said city or town only, into one or more improvement districts, designating the boundaries of such district so that it may be easily distinguished; and each district, if more than one, shall be designated by number and by the object of the proposed improvement."

The proceeding in mandamus was submitted to the trial court sitting as a jury, which resulted in a dismissal of appellants' complaint upon the sole ground that the city council was vested by said section of the Digest with discretionary power to determine whether the first or initial petition sought to create and establish a local improvement, and that the testimony failed to reflect a demonstrable abuse of its discretion.

An appeal has been duly prosecuted to this court from the judgment dismissing appellants' complaint, in order to determine whether the section quoted is mandatory relative to the passage of an ordinance creating an improvement district, upon the presentation of a petition signed by ten resident property owners within the

territory described therein, or whether discretionary power is vested in the council by said section to grant or refuse the petition, if dependent upon the singleness and unity of the proposed improvement and whether the property described would be benefited. According to our decisions, the passage of an ordinance creating an improvement district is a determination of the singleness and unity of the proposed improvement and that the territory embraced therein will be specially benefited, which becomes conclusive except for fraud or demonstrable mistake. *Paving District No. 36* v. *Little,* 170 Ark. 1160, 282 S. W. 971. The fact that these issues are determinable at all by the city council, according to our decisions, is an adjudication that the section of the statute involved confers discretionary power upon the city council. The meaning of the section, however, is not left in doubt by our decisions. The section in question was directly before the court for construction in the case of *Little Rock* v. *Katzenstein,* 52 Ark. 107, 12 S. W. 198. In that case Mr. Justice SANDELS, speaking for the court, said:

"The General Assembly, in the exercise of well-recognized constitutional power, imposed the duty of forming improvement districts, and defining their boundaries, upon the various city councils. The city council is invested with discretion, in this behalf, necessary to a just performance of the duty, and, when it has acted, the property included by it in any district is, *prima facie,* adjoining the locality to be affected."

That discretion was invested in the city council to grant or refuse the petition to create an original improvement district was recognized by this court in the case of *Little Rock* v. *Boullioun,* 171 Ark. 245, 284 S. W. 745, wherein the section involved in this case was distinguished from the statute authorizing annexation of territory to an improvement district already established. After calling attention to the difference in the language of the two statutes, the court said:

"The validity of the organization of the original district (Street Improvement District No. 349) and the pro-

ceedings thereunder is not involved in the present litigation, and the only controversy arises as to the present attempt to make an annexation thereto. It is unnecessary therefore to determine in this case the extent and full effect of the discretion of a city council in creating or refusing to create an original district, and to what extent, if any, the courts will disturb that discretion. What we have to deal with now is the effect of the action of the city council in refusing to proceed with the annexation.''

We are of the opinion that it was never intended by the statute in question to preclude property owners in the proposed improvement district from contesting the unity and singleness thereof and whether especially benefited, upon the filing of the initial petition by ten resident property owners therein requesting the formation of a district. Otherwise the protesting property owners, although largely in the majority, would be bound by the request of the ten property owners, unless they could show fraud or demonstrable mistake, or could show some jurisdictional defect in the petition.

No error appearing, the judgment is affirmed.

Mr. Justice SMITH dissents.