## RHYMER v. FEDERAL LIFE INS. CO.

District Court, E. D. Kentucky.
Jan. 8, 1936.

182

James S. Golden and N. R. Patterson, both of Pineville, for plaintiff.

Low & Bryant, of Pineville, for defendant.

FORD, District Judge.

The petition in this case alleges that on January 1, 1931, the defendant, Federal Life Insurance Company, entered into an insurance contract known as "Group Policy No. 1122" with the Harlan Star Coal Company, a corporation organized under the laws of Kentucky and then engaged in operating certain coal mines in this state. The pertinent provisions of the insurance contract are as follows:

"Part I

"Formula and Schedule of Indemnity

"A—This insurance covers all employees of the Assured for death resulting within two (2) years, from injuries received by accident arising out of and in the course of their employment and who would be compensated according to law under the provisions of the Workmen's Compensation Act of Kentucky, for an amount equal to seventy-five (75%) percent of the amount which would be payable under said Act for such death, not to exceed the sum of three thousand ($3000.00) Dollars, provided, however, that the total indemnity payable under this policy shall in no event exceed $10,000.00 as a result of one accident.

"B—This insurance covers all employees who are totally and permanently disabled while this policy is in force, including the loss of both arms, or both legs, or the irrecoverable loss of the sight of both eyes, for a sum equal to the amount which would be payable for such death, which amount shall be in lieu of all other indemnities under this policy." * * *

"Beneficiary

"Payment of any claim shall be made to the Insured employee or to the employer for the employee. Payment of any claim to the employer shall be a full discharge and release of the Company for such claim and the Company shall not be responsible for the application of the proceeds by the Employer."

It is alleged that on February 20, 1931, while the said insurance contract was in effect, the plaintiff suffered an accident in the course of his employment as a laborer for the said Harlan Star Coal Company, at which time both the plaintiff and his said employer were working and operating under the provisions of the Workmen's Compensation Law of Kentucky (Ky.St. § 4880 et seq.); and that the Workmen's Compensation Board adjudged him totally disabled as the result of said injuries and awarded him the sum of $9.75 per week from the 20th day of February, 1931, for a period of eight years, less one week, together with interest at the rate of 6 per cent. per annum on his past-due payments from February 20, 1931, no part of which has been paid, except the defendant paid him on March 17, 1931, $19.50, April 8, 1931, $19.50, and May 22, 1931, $19.50.

By an amended petition, it is alleged that the provision of the said insurance

policy limiting the defendant's liability to 75 per cent. of the amount awarded by the Compensation Board is null and void by reason of certain provisions of the Workmen's Compensation Law, and the full amount of the award is claimed.

By demurrer the defendant challenges the sufficiency of this petition, as amended, upon the grounds, (1) since the plaintiff was not a party to the contract of insurance, he has no legal right to maintain an action thereon, and (2) if plaintiff has right to sue on the contract, he cannot, in any event, recover beyond the limit prescribed by its terms.

The insurance contracted for by the Harlan Star Coal Company was solely for the benefit of its employees, to whom it owed a duty or obligation as employer, under the Workmen's Compensation Law of Kentucky. The purpose of the contract was not, in terms, to provide indemnity to the employer from loss nor against its own liability, but was, by the terms of the policy, for the sole and direct benefit of the employees of the said assured and payable directly to them or to the employer for them. As a general rule, an action for the breach of a contract can only be brought by one who is a party thereto. However, there is a well-recognized exception to this rule under which a third party for whose benefit a contract is made may maintain an action against the obligor, if it be made to appear that, when the contract was made, some obligation or duty was owing from the promisee in the contract to the third party for whose benefit it was made. Fidelity & Casualty Co. of New York v. Martin, 163 Ky. 12, 173 S.W. 307, L.R.A.1917F, 924; Hendrix Mill & Lumber Co. v. Meador, 228 Ky. 844, 16 S.W.(2d) 482.

The allegations of the petition bring this case squarely within the exception to the general rule, and hence the first ground of demurrer referred to is not tenable and must be overruled.

The second ground of the demurrer relates to that feature of the plaintiff's claim by which the plaintiff seeks to make the defendant responsible for the full amount of his awarded compensation upon the theory that under section 4953 of the Kentucky Statutes (a part of the Workmen's Compensation Law) it is provided: "Every policy or contract of workmen's compensation insurance under this act, issued or delivered in this state, shall cover the entire liability of the employer for compensation under this act to each and all of his employees covered by such policy, except as otherwise provided in § 4947 hereof."

Plaintiff claims that this provision is to be regarded as written into and controlling in application to the contract of insurance here in question. However, this provision of the statute, making workmen's compensation insurance contracts complete coverage of the risks insured, upon which plaintiff relies, is subject to a clearly expressed exception, viz., "except as otherwise provided in § 4947 hereof." The latter section (4947) referred to in the excepting clause deals with the authority of the Workmen's Compensation Board to permit an employer to take advantage of the Workmen's Compensation Law, upon furnishing satisfactory evidence of his financial responsibility, without requiring coverage of his liability by insurance. It is a well-established rule of pleading in this state that one who asserts a right under the provision of a statute which is subject to a specified exception, contained in the sentence or paragraph of the statute that creates and defines the right relied upon, must negative the exception. Marshall v. Tully, 193 Ky. 246, 235 S.W. 726; Central Kentucky Asylum v. Penick, 102 Ky. 533, 44 S. W. 92; Bush v. Wathen, 104 Ky. 548, 47 S. W. 599, and Louisville & N. R. Co. v. Belcher, 89 Ky. 193, 194, 12 S.W. 195. Since the pleading in this case does not negative the exception contained in the same sentence of the provision of the statute relied upon, the pleading is insufficient to support the contention set out in the amended petition, and the demurrer thereto should be sustained.

Without waiving the demurrer filed to the petition, the defendant filed its original answer and two amendments. The first paragraph of the original answer, while in effect an admission of the execution of the contract of insurance relied on, denies that the plaintiff has any right of action thereunder coupled with a denial of the alleged injuries. The second paragraph of the original answer admits the three payments of $19.50 each, but asserts that they were made by the defendant to the Harlan Star Coal Company on proof of, and in full settlement of, alleged partial disability of the plaintiff, and pleads same in full settlement of the plaintiff's claim; but further asserts that, if mis-

184

taken in that claim, it is entitled to be credited upon its contract liability by the amount of such payments. By the first amended answer, the defendant asserts as a defense that it was not a party to the proceedings instituted by the plaintiff before the Workmen's Compensation Board; that it had no notice or knowledge thereof and is not bound thereby. By a second amended answer the defendant pleads that on the 9th of June, 1932, J. T. Bradley, as trustee in bankruptcy for the said Harlan Star Coal Company, instituted an action in this court against the defendant upon the same policy of insurance herein sued on seeking to recover for the same injuries herein alleged, which petition was dismissed by the court upon demurrer, on the ground that, since the benefits thereunder were payable to the employee, the trustee in bankruptcy had no right of action on the policy and no interest in its recovery, and hence could not maintain the action thereon. The defendant pleads the dismissal of that action as res adjudicata of the questions presented in this case and hence a bar to the maintenance of this action.

As to the defense of res adjudicata, set up in the second amended answer, regardless of expressions of opinion by the court upon other matters, it appears that upon said demurrer the only essential question determined was the right of the trustee in bankruptcy to maintain the action. The decision on that point did not involve, of necessity, any determination of the merits of the case, and hence could not be regarded as res adjudicata upon any other point than the right of the plaintiff as trustee in bankruptcy to maintain the action. The determination of that question has no application to the questions here involved. Furthermore, the plaintiff was not a party to the action instituted by the trustee in bankruptcy, and hence is not bound by any decision or adjudication made in that action. It follows that the demurrer to the second amended answer should be sustained.

The answer, as amended, does not deny the execution of the policy, nor that the policy was in full force and effect at the time of the alleged injuries. By denials, however, of the facts alleged in the petition in connection with the nature and extent of the plaintiff's alleged injuries, the defendant seeks to litigate and have determined in this action the same issues which were of necessity in issue and heard and determined by the Workmen's Compensation Board as set out in the petition. The demurrer to this portion of the answer makes it necessary to decide whether or not the adjudication of these issues by the Workmen's Compensation Board is final and binding upon the defendant.

Section 4950 of the Kentucky Statutes (a part of the Workmen's Compensation Law of Kentucky) provides as follows: "All policies insuring the payment of compensation under this act must contain a clause to the effect that as between the employer and the insurer; the notice to or knowledge of the occurrence of the injury on the part of the insured shall be deemed notice or knowledge, as the case may be, on the part of the insurer; that jurisdiction of the insured; for the purpose of this act shall be jurisdiction of the insurer; and that the insurer shall in all things be bound by and subject to the awards, judgments or decree rendered against such insured."

■ That the policy of insurance here involved had no other purpose other than to insure the payment of compensation arising under the Workmen's Compensation Act of Kentucky seems clear from its terms. It is true that there is nothing in the record to indicate that this policy was executed under the compulsory provisions of the law or that it was approved by, or filed with, the Workmen's Compensation Board as required, under certain circumstances, by sections 4946 and 4948 of the Statutes. By its terms, nevertheless, it insures the payment of compensation under the Act. How could such purpose and intention be more clearly or intelligibly expressed than in these words of the policy, viz.: "This insurance covers all employees * * * who would be compensated according to law under the provisions of the Workmen's Compensation Act of Kentucky for an amount equal to 75% of the amount which would be payable under said Act"? If we eliminate these provisions from the policy, neither the agreed basis for nor the contemplated measure of liability remains.

■ By the enactment of the Workmen's Compensation Law, the Legislature, in furtherance of a sound and wholesome public policy, has undertaken to regulate compensation insurance which affects the interest and welfare of workers who elect to surrender valuable common-law rights and look to this law for their protection. Workmen's Compensation Board v. Abbott,

212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789; Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, Ann.Cas. 1918B, 604. Considering the intention of this legislative regulation and the object to be attained, it does not appear consistent with its purpose to limit the application of the provisions of section 4950, supra, to only those compensation policies which are required to be filed with, and approved by, the Compensation Board. As already pointed out, under section 4946 of the Statutes, provision is made whereby the board may permit an employer operating under the act, upon satisfactory proof of his financial responsibility, to carry his own insurance, and, in that event, it is not required that any insurance policies be filed with or approved by the board or that any be carried by the employer. However, in such a case, there is nothing to prevent or prohibit the employer, who may be so inclined, from taking out insurance for the benefit of his employees, covering, in whole or in part, compensation benefits arising in their favor under the Workmen's Compensation Law, as seems to have been done in this instance. To hold that such a policy, issued under such circumstances, is beyond or exempt from the application of a provision of the law which, by its terms, applies to "all policies insuring the payment of compensation under this act" (section 4950), would seem to be contrary to the manifest spirit of the Workmen's Compensation Law and, in a measure at least, to contravene its beneficent purposes.

I am therefore of the opinion that section 4950 of the Statutes is clearly applicable to the insurance policy here involved.

It is a well-understood rule that an applicable statute enters into and forms a part of every insurance contract made in the state, as fully, to all intents and purposes, as if the provisions of the statute were actually written into the contract. Horn v. Atlas Assurance Society, 241 Ky. 226, 43 S.W.(2d) 675; Inter-Southern Life Insurance Co. v. Omer, 238 Ky. 790, 38 S.W.(2d) 931; McCune v. Wm. B. Pell & Bro., 192 Ky. 22, 232 S.W. 43; Prudential Insurance Co. v. Ragan, 184 Ky. 359, 212 S.W. 123; Columbian National Life Insurance Co. v. Harrison, 12 F.(2d) 986 (C.C.A. 6th Circuit); and New York Life Insurance Co. v. Cravens, 178 U.S. 389, 20 S.Ct. 962, 44 L.Ed. 1116.

By treating the provisions of the Statutes above referred to as embraced in and constituting a part of this insurance contract, it follows that, in respect to the award made by the Workmen's Compensation Board, "the insurer shall in all things be bound by and subject to the awards, judgments or decree rendered against such insured." Ky.St. § 4950. In the absence of an allegation of lack of jurisdiction, fraud, or collusion, neither party has the right to relitigate the issues raised by the denials contained in the answer after adjudication thereof by the Workmen's Compensation Board. Action by the board adjudicating plaintiff's rights under the Workmen's Compensation Law was a condition precedent to his right of action on the policy. Royal Indemnity Co. v. Jenkins Construction Co., 248 Ky. 839, 60 S.W.(2d) 105.

The allegations of the answer relative to an alleged settlement of the plaintiff's claims by an alleged agreement with the Harlan Star Coal Company seem so clearly insufficient to have any binding effect upon the rights of the plaintiff that it appears unnecessary to comment thereon.

For the reasons stated, I am of the opinion that the answer, as amended, states no legal defense to the cause of action alleged in the petition, and hence the demurrer thereto should be sustained.