## RUDD v. DUNN et al.

Court of Appeals of Kentucky.

March 26, 1954.

H. L. Rudd, Mt. Sterling, for appellant.

Kash C. Williams, G. C. Allen, Jackson, Leebern Allen, E. E. Bach, Campton, for appellees.

CLAY, Commissioner.

Appellant, H. L. Rudd, instituted this equitable action on March 6, 1952, seeking to be allotted what he terms a "dower" interest in a tract of land of 100 acres in Wolfe County, which he averred was owned by his wife in fee when she died in 1939. Also, he sought to recover damages in the aggregate sum of $15,500 for the wrongful cutting of timber and the appropriation of the rents and profits from the land by appellees for the years 1944 through 1951. The Chancellor sustained a general demurrer to the petition, appellant declined to plead further, the petition was dismissed and he appeals.

As a matter of background, we might state appellees filed separate special demurrers for defect of parties, separate general demurrers, and without waiving same filed separate answers averring the deceased wife of appellant only owned a life estate in the land and he took no curtesy interest therein. The answers further pleaded the 5-year statute of limitation,

KRS 413.120, as to appellant's claim for damages for the cutting of timber and the appropriation of rents and profits. Since we have reached the conclusion that the Chancellor properly sustained the general demurrers to the petition, we do not reach the questions raised by the special demurrers or by the answers.

The petition avers appellant's wife, Docia Rudd, died intestate on April 11, 1939, the owner in fee of the 100 acres of land described in this pleading; that upon the death of Docia Rudd, "as the surviving husband, he became the lawful owner of the dower interest in the above described land". The rest of the petition relates to the manner in which appellees acquired their remainder interests in the land subject to his "dower", and as to the cutting of the timber and the appropriation of the rents and profits from the land by appellees.

Appellant's cause of action is based upon KRS 392.020 which provides:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple during the coverture, unless the survivor's right to such dower or interest has been barred, forfeited or relinquished. * * *"

It will be noted the petition does not aver appellant had not sold or transferred his right of "dower", or that the same had not been "barred, forfeited or relinquished". The long-established rule of pleading in this jurisdiction is that where one asserts a right conferred by statute subject to a specific exception, he must negative the exception if it is contained in the sentence or paragraph that creates or defines the right. Marshall v. Tully, 193 Ky. 246, 235 S.W. 726; Com. v. Hines, 282 Ky. 791, 140 S.W.2d 386; Blackerby v. Monarch Equipment, Ky., 259 S.W.2d 683, 686.

Since the petition did not negative the exception contained in the sentence of the

section of the statute giving appellant his cause of action, it follows from the above-cited authorities the petition was bad on general demurrer.

The judgment is affirmed.