## Commonwealth v. L. & N. R. R. Co.

(Decided September 22, 1910.)

### Appeal from Lee Circuit Court.

1. Intoxicating Liquors—Conveying into Local Option Territory—Exceptions.—Sec. 2569-a, Ky. St., makes it "unlawful for any person or carrier to bring into, deliver or distribute, in any county, town or city, where the sale of intoxicating liquors has been prohibited by special act or by vote. of the people, any spirituous, vinous, malt, or other intoxicating liquors * * provided individuals may bring therein upon their person, or as their personal baggage, for their own private use, such liquors in quantity not to exceed one gallon; and provided the provisions of this act shall not apply to licensed physicians or druggists, to whom any public carrier may deliver such goods in unbroken packages not to exceed five gallons at one time." Held, in an indictment against a railroad company for a violation of this statute, the general rule and the one prevailing in this state, so expressed as to make it easy of application, may be thus stated: If the exception is contained in the sentence or paragraph of the statute that creates and describes the offense, then it must be negatived in the indictment; but if the exception is not found in the sentence or paragraph that creates or defines the offense, but is contained in a separate section or in a distinct proviso or paragraph, it is a matter of defense for the accused, and it is not necessary that the indictment should charge that he did not come within the exception.

2. Same.—The statute was intended to prevent the bringing of intoxicating liquors into prohibited territory, and the words "intoxicating liquors" as used in this and other local option legislation, have a well defined meaning, and refer to spirituous, vinous and malt liquors, by whatever name called, that contain alcohol, and are intended to be or may be used as a beverage, and, when so used, will produce intoxication.

JAMES BREATHITT, Attorney General, and TOM. B. McGREGOR, Assistant Attorney General for appellant.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN, and WALLACE & HARRISS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellee company was indicted under section 2569a of the Kentucky Statutes, reading:

"It shall be unlawful for any person or persons, individual or corporation, public or private carrier to

bring into, transfer to other person or persons, corporations, carrier or agent, deliver or distribute, in any county, district, precinct, town or city, where the sale of intoxicating liquors has been prohibited, or may be prohibited, whether by special act of the General Assembly, or by vote of the people under the local option law, any spirituous, vinous, malt or other intoxicating liquor, regardless of the name by which it may be called; and this act shall apply to all packages of such intoxicating liquors whether broken or unbroken.

"Provided individuals may bring into such district, upon their person or as their personal baggage, and for their private use, such liquors in quantity not to exceed one gallon; and, provided, the provisions of this act shall not apply to licensed physicians or druggists, to whom any public carrier may deliver such goods, in unbroken packages, in quantity not to exceed five gallons at any one time."

The lower court sustained a demurrer to the indictment upon the ground that it failed to charge that the company did not come within the proviso that "the provisions of this act shall not apply to licensed physicians or druggists, to whom any public carrier may deliver such goods, in unbroken packages, in quantity not to exceed five gallons at any one time."

It is the contention of the Commonwealth that as the exception is not a part of the paragraph of the statute that creates and describes the offense, but is set out in a proviso as well as in a new paragraph, it was not necessary that the indictment should state that the accused did not come within the exception or to negative the proviso. There is some confusion in the authorities upon the question when it is necessary for the indictment to charge that the person accused does not come within a saving clause of the statute under which the indictment is returned, and many of the distinctions made are difficult to understand. But the general rule, and the one prevailing in this State, so expressed as to make it easy of application may be thus stated: If the exception is contained in the sentence or paragraph of the statute that creates and describes the offense then it must be negatived in the indictment; but if the exception is not found in the sentence or paragraph that creates and defines the offense, but is contained in a separate section or in a distinct proviso or paragraph,

it is a matter of defense for the accused, and it is not necessary that the indictment should charge that he did not come within the exception. Com. v. Kenner, 11 B. Mon., 1; Com. v. McClanahan, 2 Met., 8; Com. v. Bierman, 13 Bush, 345; State v. Abbey, 29 Vt., 60, 67 Am. Dec., 759; Bishop's New Criminal Proced., section 331, et seq; Wharton's Criminal Pl. & Pra., section 238, et seq.; 22 Cyc 344.

The first paragraph of the section creates and defines the offense. In this paragraph all of the ingredients necessary to constitute the offense are set out without any exception or saving clause. It is true the conditions that exempt the carrier from the operation of this paragraph are a part of the section that creates and describes the offense, but they are contained in a distinct and independent paragraph, added to the section as a proviso. If the first paragraph provided that it should be unlawful for any person or carrier to bring into, transfer or deliver intoxicating liquor to any person, except licensed physicians or druggists, then it would be necessary to state in the indictment that the person to whom the carrier delivered the liquor was not a licensed physician or druggist, as the exception would be a part of the paragraph creating and describing the offense; as is the case in section 1306 of the Kentucky Statutes making it a misdemeanor for any person to sell or furnish liquor to a person under 21 years of age, other than his own child, without special written direction so to do from the father or guardian of the infant; and section 1321 providing that ''no work or business shall be done on the Sabbath Day except the ordinary household offices or other work of necessity or charity.'' We therefore conclude that the indictment is sufficient.

It is further urged that the demurrer should have been sustained upon the ground that the statute in question is void for uncertainty because it prescribes no standard as to what is intoxicating liquor. We do not think this objection well taken. The statute was intended to prevent the bringing of intoxicating liquors into prohibited territory, and the words ''intoxicating liquors'' as used in this and other local option legislation have a well understood popular as well as legal meaning and refer to spirituous, vinous or malt liquors, by whatever name called, that contain alcohol, and are intended to be or may be used as a beverage and when so used will

produce intoxication. City of Bowling Green v. Mc-Mullen, 134 Ky., 742; 23 Cyc. 61; 17 Am. & Eng. Ency of Law, 197. Whether or not the liquor the carrier is indicted under the statute for carrying is intoxicating liquor or not, may in some instances be a question of fact to be determined as are other controverted questions of fact; but this circumstance is not sufficient to condemn the law for want of certainty. The statute applies alone to intoxicating liquor intended to be or that may be used as a beverage. And if the carrier exercises good faith in accepting the shipment and uses ordinary care to avoid violating the statute, it will not be punishable under it. Adams Express Co. v. Com., 129 Ky., 420. If the words "intoxicating liquor" had been omitted from the statute, and the penalty denounced only against the carrier who brought into prohibited territory spirituous, vinous or malt liquor, it might in some cases be a question whether or not the liquor was spirituous, vinous or malt, or either; and this fact would have to be determined as are other similar questions when raised. So that it is not practicable to lay down either in statute or decision, any unmistakable or infallible standard by which the carrier may know with absolute certainty whether or not its act will be a violation of the law. The best and only thing that can be done is to describe, as accurately as may be, the prohibited thing, and this the statute does. The law is as definite as the conditions being dealt with will permit. We do not apprehend that carriers who desire in good faith to observe its provisions and exercise ordinary care to avoid its violation will find serious trouble in saving themselves from the penalties prescribed. Any attempt to make it more precise would render it difficult of enforcement and be more likely to involve the subject in confusion than it now is.

Wherefore the judgment is reversed with directions to proceed in conformity with this opinion.