### Flanders v. Commonwealth.

(Decided November 17, 1910.)

Appeal from Caldwell Circuit Court.

Intoxicating Liquors—Response to Petition or Rehearing—(For original opinion see 140 Ky. page 38.)—The principle announced in this case is that where whiskey, brandy, wine or beer is sold in prohibition territory, it will be presumed that the liquids are intoxicants within the meaning of the statute, but where other concoctions or mixtures, the intoxicating effect of which is not known or established, are sold, then the fact that they are intoxicants is material to the guilt of the defendant; and this fact must be alleged and proved before he can be found guilty.

S. D. HODGE, and HODGE & HODGE for appellant.

JAMES BREATHITT, Attorney General, and TOM B. McGREGOR, Asst. Attorney General, for appellee.

RESPONSE BY CHIEF JUSTICE BARKER—Overruling Petition.

In deference to the apprehensions of counsel, as expressed in the petition for a re-hearing, that the opinion in this case is in conflict with the opinions in City of Bowling Green v. McMullen, 134 Ky. 742, Commonwealth v. Louisville & Nashville R. R. Co., 140 Ky. 21, and Gourley v. Commonwealth, Id. 221, we file this response for the purpose of saying that no such conflict exists in fact, but, on the contrary, this opinion is in harmony with the other opinions mentioned. In this case the warrant charged the defendant with selling common beer under the name of "Dr. Fizz," and the proof tended to show, not that a mixture called "Dr. Fizz" was sold, but that the beer ordinarily dispensed in saloons was sold by the defendant, labeled "Dr. Fizz." The principle announced in this case is that where whisky, brandy, wine, or beer is sold in prohibition territory, it will be presumed that these liquids are intoxicants within the meaning of the statute; but where other concoctions or mixtures, the intoxicating effect of which is not known or established, are sold, then the fact that they are intoxicants is material to the guilt of the defendant; and this fact must be alleged and proved before he can be found guilty.

Petition overruled.