## Commonwealth v. Hagan.

(Decided January 7, 1916.)

### Appeal from Greene Circuit Court.

Indictment and Information—Exceptions and Provisos.—Where an exception in a penal statute is contained in the sentence or

paragraph thereof creating and describing the offense, the exception must be negatived in an indictment under that section.

M. M. LOGAN, Attorney General, and R. T. CALDWELL for appellant.

C. H. NOGGLE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The following indictment was returned in the Greene circuit court against appellee:

'The grand jury of Greene county, in the name and by the authority of the Commonwealth of Kentucky, accuse Richard Hagan of the offense of engaging in his trade or calling at his regular place of business on the Sabbath day or Sunday, committed as follows, viz: The said Richard Hagan on the      day of August, 1914, and within twelve months before the finding of this indictment, in the county and Commonwealth aforesaid, did unlawfully on the Sabbath day or Sunday engage in his trade or calling at his regular place of business and sell to Grover Graham soft drinks, to-wit: coco-cola, the said Hagan not being a member of any religious society who observes as a Sabbath any other day in the week than Sunday.''

The circuit court sustained a demurrer to the indictment and the Commonwealth has appealed.

The indictment was drawn under sec. 1321, Kentucky Statutes, which is as follows:

"No work or business shall be done on the Sabbath day, except the ordinary household offices, or other work of necessity or charity, or work required in the maintenance or operation of a ferry, skiff or steamboat, or steam or street railroads. If any person on the Sabbath day shall himself be found at his own, or at any other trade or calling, or shall employ his apprentices, or other person, in labor or other business, whether the same be for profit or amusement, unless such is permitted above, he shall be fined not less than two nor more than fifty dollars for each offense."

We gather from the briefs that the demurrer was sustained by the circuit court because of the failure in the indictment to negative the exceptions contained in the statute, and its failure to show that the defendant did not come within any of them.

When it is and when it is not necessary to negative in an indictment exceptions contained in the statute under

which an indictment is drawn has frequently been a vexatious one for the courts; but in this State the precise question here presented has been passed upon in the case of Commonwealth vs. L. & N. R. R. Co., 140 Ky., 21. In that case it was said:

"* * * But the general rule, and the one prevailing in this State is that if the exception is contained in the sentence or paragraph of the statute that creates and describes the offense, then it must be negatived in the indictment, but if the exception is not found in the sentence or paragraph that creates and defines the offense, but is contained in a separate section or in a distinct proviso or paragraph, it is a matter of defense for the accused, and it is not necessary that the indictment should charge that he did not come within the exceptions."

It will be observed that in the statute quoted above, certain exceptions were embraced in the same sentence or paragraph of the statute, which provides that no work or business shall be done on the Sabbath day.

We regard the case above quoted in 140 Ky. as conclusive of this question, and the judgment is affirmed.