# DECISIONS

OF THE

# Court of Appeals of Kentucky

## WINTER TERM, 1920.

## Commonwealth v. Louisville & Nashville Railroad Company.
(No. 547.)

Commonwealth v. Louisville and Nashville Railroad Company.
(No. 548.)

Commonwealth v. Louisville and Nashville Railroad Company.
(No. 549.)

Commonwealth v. Louisville and Nashville Railroad Company.
(No. 622.)

Commonwealth v. Louisville and Nashville Railroad Company.
(No. 623.)

Commonwealth v. Louisville and Nashville Railroad Company.
(No. 624.)

(Decided September 25, 1919.)

### Appeals from Barren Circuit Court.

1. Statutes—Repeal of Statute—Construction.—According to the rule of the common law, the repeal of a statute destroyed the

right to enforce a penalty for its violation, which was incurred before its repeal, but the statute, section 465, Ky. Statutes, modified this rule, and a repealing statute must now be construed with section 465, and unless it was manifestly intended by the legislature, in enacting the repealing statute to destroy, after the repeal, the right to enforce penalties incurred for violations of the repealed statute, before its repeal, the courts may enforce the penalties after the repeal.

2  Indictment and Information—Exception in Statute—Must be Negatived.—If the sentence or paragraph of a statute, which creates and describes an offense, contains an exception, an indictment for an offense alleged to have been committed under the statute, must negative the exception, in order to state a public offense, under the statute, but, if the exception is contained in a paragraph other than the one which creates and describes the offense, or in a proviso, it is a matter of defense to the accused to show, that he comes within the exception or his act is within the saving of the proviso, and in such case, it is unnecessary, in the indictment to negative the exception, or to allege that the act is not within the proviso.

CHAS. H. MORRIS, Attorney General; D. O. MYATT, Assistant Attorney General, and J. LEWIS WILLIAMS, Commonwealth's Attorney, for appellant

B. D. WARFIELD, J. C. SIMS and W. L. PORTER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming the judgments in cases No. 547, No. 548 and No. 549, and reversing the judgments in cases No. 622, No. 623 and No. 624.

The above styled six actions were prosecutions in the name of the Commonwealth of Kentucky against the Louisville and Nashville Railroad Company, for alleged violations of subsection 2 of section 2569b, of Kentucky Statutes and are heard and decided together. The first three named were indictments returned against appellee, on the 21st day of March, 1918, and the remaining three, were penal actions, filed on the 25th day of October, 1918. The offenses, charged in the indictments, were alleged to have been committed on December 4, 1917, December 29, 1917, and January 16, 1918, respectively, and the offenses, charged in the penal actions, were alleged to have been committed on the same dates, respectively. To each of the indictments and to the petition, in each of the penal actions, a general demurrer was interposed, which being sustained in each instance,

the actions were dismissed and the Commonwealth of Kentucky has appealed from the judgment in each action.

(a) The particular violation of the statute, of which the appellee was accused in each of the indictments, was the unlawful transportation and delivery to a consignee in a territory, wherein the sale of intoxicating liquors was prohibited by law, of such liquors in a package, whereon, was the statement, that the liquors were for the personal and family use of the consignee, when the statement was false and known to be so, by the appellee. The violation by appellee of the statute, alleged in each of the penal actions, was the transportation and delivery of intoxicating liquors to a consignee, who was neither a distiller, brewer nor wholesale dealer, when the package containing the liquors, did not have thereon, the name and address of the consignor, the name and address of the consignee, and the statement that such liquors were for the personal and family use of the consignee, or for medicinal, mechanical, chemical, scientific or sacramental purposes. After the time of the alleged commission of these offenses, on the 5th day of March, 1918, the General Assembly enacted, without an emergency clause, the act of that date, which is sections, 1, 2, 3, 4, 5 and 6 of section 2569a of Kentucky statutes, vol. 3, and which worked a repeal of subsection 2, section 2569b, except as its provisions related to licensed druggists, and it is now earnestly insisted, that the statute, which created the offenses, and denounced the penalties for violations of it, having been repealed, there is no law now in force, upon which the court could base a judgment against appellee, and that the repeal of the statute carried with it a repeal of the penalties incurred for its violation, and hence, the demurrers were properly sustained. This contention is sound, if the common law rule was in force in this state. According to the common law, the repeal of a statute repealed, also, the power and authority of a court to enforce a penalty incurred under the statute, and no penalty could be imposed or enforced for a violation of a statute, which occurred before its repeal. The reason given for this doctrine is, that the statute, which imposed the penalty, having been repealed, there is no authority existing for its imposition.

This rule of the common law has been modified by section 465, Kentucky Statutes, and the construction heretofore placed upon it by this court. Of course, that statute is only a legislative act, and can be repealed by the legislature, at any time, but, so long as it is unrepealed, according to the well known rule of statutory interpretation, it must be construed along with any repealing statute, and full force and effect given to its provisions, where they are not contradictory of the provisions, of a repealing statute. The statute, section 465, *supra,* has been in force for many years, and is as follows: "No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, save only, that the proceedings thereafter had, shall conform, so far as practicable to the laws in force, at the time of such proceedings. If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may, by consent of the party affected, be applied to any judgment pronounced after the new law takes effect." When the general assembly enacts a statute which repeals one, which makes its violation an offense, with a penalty therefor, it must be presumed, that the repealing statute is enacted with the provisions of section 465, *supra,* in contemplation, and if the intention of the legislature is to destroy the penalties incurred under the repealed statute, it will make provisions to that effect, in the repealing statute, and unless it so manifests its purpose, the offenses committed against the statute before its repeal, may, thereafter, be prosecuted and the penalties incurred, may be enforced. Waddell v. Com., 84 Ky. 276; Com. v. Duff, 87 Ky. 586; Com. v. Overby, 107 Ky. 169; Baker v. City, 21 R. 809; Com. v. Sherman, 85 Ky. 686; Dunn v. Com., 16 R. 527; Com. v. Cockerell, 115 Ky. 296; Pannell v. Louisville Tobacco Warehouse Co., 113 Ky. 630. Hence, if the repeal of the statute subsequent to the commission of the offenses against it was the only ground for the demurrer, it would have to be held to be insufficient.

(b)    The statute, subsection 2, section 2569b, *supra,* which creates and describes the offense, which is attempted to be charged, in the three indictments, is as follows:

"It shall be unlawful for any person to consign, ship or transport in any manner whatsoever, or deliver any of the liquors mentioned in section 1 of this act to any person in any county, district, precinct, town or city where by law sale of such liquors is prohibited, or for any person residing in such prohibited territory to receive any such liquors, unless there appears upon the outside of the package containing any such liquors, except such as may be received by distillers, brewers, or wholesale liquor dealers, the following information: Name and address of the consignor, name and address of the consignee, and the statement either that such liquors are for personal and family use of the consignee, or for medicinal, mechanical, chemical, scientific or sacramental purposes. Any consignee accepting or receiving any package containing such liquors upon which appears a false statement or any person consigning, shipping, transporting or delivering any such package, knowing that said statement appearing upon the outside thereof is false, shall be deemed guilty of violating the provisions of this act."

It will be observed, that, under this statute, to lawfully consign, ship, transport to, or to deliver intoxicating liquor to a distiller, brewer, or wholesale liquor dealer, it was not required, that there should be put upon the package, the name and address of the consignor, name and address of the consignee and the statement, that the liquors were for the personal and family use of the consignees, or that they were for medicinal, chemical, mechanical, scientific or sacramental purposes. No offense was committed by shipping to, or delivering to any such persons such liquors, in packages, upon which the above stated information did not appear, and hence, if such statements did appear upon the packages, transported or delivered to distillers, brewers or wholesale dealers, it was immaterial whether they were true or false. To constitute the offense created by the statute of transporting and delivering liquors to a consignee, with a false statement thereon, it was necessary to allege, that the transportation and delivery of the liquors with a

false statement thereon, was for the personal and family use of the consignee, was to some person other than a distiller, brewer or wholesale dealer. It was nowhere alleged in either of the indictments, that the consignees to whom the liquors were alleged to have been transported to and delivered, were neither distillers, brewers, nor wholesale dealers. The statute excepted the transportation and delivery of intoxicating liquors to the three classes of persons named, from its operation. The well established rule relating to an indictment for a violation of a statute, which contains an exception to its operation, is, that if the exception is not contained in the paragraph of the statute, which creates the offense, but is contained in another paragraph, or in a proviso, it is not necessary, that the indictment should allege, that the accused is not within the exception or to negative the proviso. In such case the fact, that the accused is within the exception or that his act is within the saving of the proviso, is a matter of defense for the accused. If, however, the exception is contained in the sentence or paragraph of the statute, which describes the offense and creates it, it must be negatived by the terms of the indictment. Otherwise, the indictment does not state a public offense under the statute. 22 Cyc. 344; Com. v. McClannahan, 2 Met. 8; Com. v. Burinan, 13 Bush 345; Com. v. Kenner, 11 B. M. 1; Com. v. L. & N. R. R. Co., 140 Ky. 21; Com. v. Benge, 13 R. 591; Com. v. Smithers, 8 L. R. 12, 14 R. C. L. 189; Johnson v. People, 80 Pacif. 133; Smith v. Abbey, 67 Am. Dec. 754. Hence, the demurrer to each of the indictments was well taken.

(c) The three penal actions are free of the defect, which exists in the indictments, and were instituted within one year after the alleged commission of the offenses charged in them, and the penalties incurred and the right and power of the courts to enforce them are saved by the provisions of section 465, *supra,* as the act which repeals subsection 2, of section 2569b, *supra,* fails to manifest any intention upon the part of the legislature to destroy the right to enforce the penalties for violations of the latter statute, which occurred prior to its repeal, the demurrers to the petitions in these actions should have been overruled.

Hence, the judgments in actions Nos. 547, 548 and 549 are affirmed, but the judgments in actions Nos. 622, 623 and 624 are reversed, and the actions remanded for further proper proceedings.