## Dials v. Commonwealth.

(Decided October 7, 1921.)

### Appeal from Lawrence Circuit Court.

1. Statutes—Uncertainty.—Section 1 of chapter 81 of the 1920 Session Acts of the legislature is not void for uncertainty.

2. Indictment and Information—Exception in Statutes.—If an exception is contained in the sentence or paragraph of the statute that creates and describes the offense then it must be negatived in the indictment; but if the exception is not found in the sentence or paragraph that creates and defines the offense but is contained in a separate section or in a distinct proviso or paragraph it is matter of defense for the accused and it is not necessary that the indictment should charge that he did not come within the exception.

3. Intoxicating Liquors—Indictment and Information.—Under the above rule an indictment charging one with transporting intoxicants in violation of section 1 of chapter 81, 1920 Acts must negative the exceptions contained in the section, and failing so to do is not good on demurrer.

4. Criminal Law—Sweating.—Voluntary statements of persons in custody are not in violation of section 1649b, Ky. Statutes, known as the anti- sweating act, and may be used against them.

CLYDE L. MILLER and FRED M. VINSON for appellant.

CHAS I. DAWSON, Attorney General, and JOHN M. WAUGH for appellee.

Opinion of the Court by Judge Clarke—Reversing.

Appellant was tried and convicted under indictment charging him with unlawfully transporting intoxicating liquors in Lawrence county, Ky., which is in violation of the first section of chapter 81 of the Acts of the 1920 session of the Kentucky legislature. For reversal he insists (1) that the law under which he was convicted, in so far as it attempts to prohibit the transportation of intoxicating liquor, for which only he was tried, is so indefinite as to contravene the 5th and 6th amendments of the Constitution of the United States; (2) that the court erred in overruling his demurrer to the indictment, and, (3) that the evidence upon which he was convicted was a confession obtained from him in violation of section 1649b, Ky. Statutes, known as the anti-sweating act and therefore incompetent.

1. Section 1 of chapter 81 of the 1920 Acts provides:

"That it shall be unlawfull to manufacture, sell, barter, give away or keep for sale or transport, spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky." None of the several acts made unlawful by this section was a crime at common law and under such circumstances, a statute making them so must be sufficiently certain to show what the legislature intended to prohibit and punish otherwise it will be void for uncertainty, "but reasonable certainty in view of the conditions is all that is required and liberal effect is always to be given to the legislative intent when possible;" and it is only where "the legislature declares an offense in words of no determinate signification or its language is so general and indefinite that it may embrace not only acts commonly recognized as reprehensible, but also others which it is unreasonable to presume were intended to be made criminal" that the statute will be declared void for uncertainty. 16 C. J. 67. The purpose of the legislature in the enactment of this chapter, as indicated by its title and terms, and in view of the fact that it was enacted immediately after the adoption of an amendment to the state Constitution, now section 226a thereof, prohibiting the manufacture, sale or transportation of intoxicating liquors in the Commonwealth, except for certain named purposes, was to provide penalties for violations of the Constitutional amendment; and to regulate the manufacture, sale and transportation of

same for such excepted purposes. That this act was not hastily enacted but is rather the culmination of the most intense and widespread public agitation, is a matter of common knowledge.

Except therefore, as permitted by the terms of the Constitutional amendment and this act, it seems to us that we must assume the legislature meant as it has stated clearly that all other transportations of intoxicating liquors should be unlawful and any presumption to the contrary would be wholly unwarranted. The word transport, while general, is not indefinite, but on the contrary, has a commonly understood "determinate signification." That the legislature fully realized the general character and wide scope of the words "manufacture, sale and transport" is attested by the fact that such limitations were placed thereon as the legislature intended they should have by specifying the desired exemptions therefrom. Are we not, therefore, under such circumstances, bound to assume that the legislature meant to include every possible application of the general terms used except as clearly stated or necessarily implied from what is stated? We think so.

It is argued that it cannot be presumed that the legislature by section 1 of the act meant to prohibit the transportation of liquors for personal use even though the language of this section is broad enough for that purpose, since by a later section of the act possession of liquors for such use is permitted. This, however, is but an argument on the proper construction of the act as a whole and is entirely inconsistent with the contention the act is void for uncertainty for the reason its language embraces acts which it is unreasonable to presume were intended to be made criminal, since the argument is based upon the fact the legislature has dealt in part at least with the very subject we are asked to presume it would not have intentionally included. We are of the opinion the act is not void for uncertainty and it is not suggested that it is otherwise violative of the 5th or 6th amendments to the Federal Constitution. The only case cited by appellant in support of his contention, U. S. v. Cohen Grocery Co., 65 Law Ed. 300, is not in point, since there is no analogy whatever between this act and the Lever Act of Congress by that case declared to be void for uncertainty.

2. The objection to the sufficiency of the indictment is much more serious since it does not negative the exceptions which are contained in the enacting clause of the statute. The rule thoroughly established in this state is thus stated in Commonwealth v. L. & N. R. R. Co., 140 Ky. 21, 130 S. W. 798: "If the exception is contained in the sentence or paragraph of the statute that creates and describes the offense then it must be negatived in the indictment; but if the exception is not found in the sentence or paragraph that creates and defines the offense, but is contained in a separate section or in a distinct proviso or paragraph, it is a matter of defense for the accused and it is not necessary that the indictment should charge that he did not come within the exception." See also Commonwealth v. Kenner, 11 B Mon. 1; Commonwealth v. McClanahan, 2 Met. 8; Commonwealth v. Bierman, 13 Bush, 345; Commonwealth v. Hagan, 167 Ky. 619, 181 S. W. 184; Grisson v. Commonwealth, 181 Ky. 189, 203 S. W. 1075; Commonwealth v. L. & N. R. R. Co., 186 Ky. 1, 215 S. W. 938. The section involved here contains but one paragraph, in fact, but one sentence, which not only creates and defines the offense but names certain exceptions thereto. It is therefore clear that the court erred in overruling the demurrer to the indictment.

3. This court in construing section 1649b of the statutes, known as the anti-sweating act, uniformly has held that voluntary statements of persons in custody may be used against them. Commonwealth v. McClanahan, 153 Ky. 412, 155 S. W. 1131; Wellington v. Commonwealth, 158 Ky. 161, 167 S. W. 427; Dorsey v. Commonwealth, 158 Ky. 447, 165 S. W. 405; Garrison v. Commonwealth, 169 Ky. 188, 183 S. W. 473; Commonwealth v. Long, 171 Ky. 132, 188 S. W. 334. It was shown here that appellant's admissions made while in custody and introduced against him on the trial were made voluntarily and without threats or promises and not by plying him with questions or other wrongful means as denounced by the statute and we are of the opinion that this evidence was competent.

For the reason indicated the judgment is reversed and the cause remanded for proceedings not inconsistent herewith.