### Commonwealth v. Meeks.

(Decided November 4, 1921.)

### Appeal from Casey Circuit Court.

Indictment and Information—Exceptions and Provisos.—If an exception is contained in the sentence or paragraph of the statute that creates and describes the offense, then it must be negatived in the indictment, but if the exception is not found in the sentence or paragraph that creates and defines the offense, but is contained in a separate section or in a distinct proviso or paragraph, it is matter of defense for the accused and it is not necessary that the indictment should charge that he did not come within the exceptions.

CHAS. I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and A. A. HUDDLESTON for appellant.

STONE and MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The indictment herein attempts to charge appellee with a violation of section 2, chapter 43, Acts of the 1920 session of the legislature. A demurrer was sustained to the indictment and the Commonwealth has appealed from the judgment that followed, dismissing the indictment.

The section under which the indictment was drawn with omitted words supplied as indicated in Commonwealth v. Florence, 192 Ky. 236, reads:

"Every parent, guardian or other person residing within the boundaries of any county school district and

having the custody, control or supervision of any child or children (between the ages of seven (7) and sixteen (16) shall cause such child or children) to be enrolled in and to attend regularly some common, private or parochial school each school year for the full term of such school, provided that in the case of a private or parochial school the term shall not be for a shorter period in each year than the term of the common school of the district of the child's or children's residence, and that the teacher or teachers and the course of study of such private or parochial school shall have been approved by the state board of education, and that the reports of the attendance of all children enrolled in such private or parochial school shall be submitted by such private or parochial school in the same manner as required of common schools; and provided further, that the provisions of this section shall not apply to any child who is excused by the county board of education upon its being shown to the satisfaction of such board by certificate of the public health officer of the county that such child is not in proper mental or physical condition to attend school; and provided further, that the provisions of this section shall not apply to any child who has satisfactorily completed the full course of instruction offered by the public schools of the district where he resides.''

The indictment fails to negative the several exclusions of the above section and if this was necessary the court did not err in sustaining the demurrer thereto.

The rule with reference to the necessity of negativing saving clauses of a statute under which an indictment is drawn is now thoroughly settled in this jurisdiction and is thus stated in Commonwealth v. L. & N. R. R. Co., 140 Ky. 21, 130 S. W. 798:

''If the exception is contained in the sentence or paragraph of the statute that creates and describes the offense, then it must be negatived in the indictment; but if the exception is not found in the sentence or paragraph that creates and defines the offense, but is contained in a separate section, or in a distinct proviso or paragraph, it is matter of defense for the accused and it is not necessary that the indictment should charge that he did not come within the exception.''

To the same effect are Commonwealth v. Kenner, 11 B. Mon. 1; Commonwealth v. McClanahan, 2 Met. 8; Commonwealth v. Bierman, 13 Bush 345; and the rule as above stated has been expressly approved and followed

quite recently in Commonwealth v. L. & N. R. R. Co., 186 Ky. 1, 215 S. W. 938, and Dials v. Commonwealth, 192 Ky. 440.

This rule has been criticised upon the ground that it makes the necessity for negativing exceptions and saving clauses depend upon the grammatical construction of the statute rather than upon the essential elements of the offense denounced as is the attempt in some jurisdictions. But even so we consider ours the better rule so long as any negations are required because of its simplicity and ease of application, whereas the other rule is so difficult to understand or apply that it is often if not always a difficult question of judicial construction involving the whole act to determine just what must or need not be denied. Aside, however, from the relative merits of the two rules, we are constrained to adhere to the one so long followed and so firmly established in this state upon the principle of *stare decisis*.

The section involved here as will be seen creates and defines the offense and states several exceptions thereto in a single paragraph containing but one sentence. Clearly, therefore, under our rule these exceptions should have been negatived in the indictment, since they are "contained in the sentence or paragraph of the statute that creates and defines the offense," and they are not "contained in a separate section or a distinct proviso or paragraph."

This conclusion renders unnecessary the decision of other questions raised by counsel for appellee.

Wherefore, the judgment is affirmed, Judge Quin dissenting.