## Commonwealth v. Stepp.

(Decided January 20, 1922.)

### Appeal from Martin Circuit Court.

Counties—Contract by Member of Fiscal Court to Work Upon Roads.—Under the provisions of section 1844, Kentucky Statutes, it is unlawful for a member of the fiscal court to make a contract with the county to work upon the roads, and to employ and supervise others to and in work upon the public roads of the county, for compensation to be paid him by the county.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, ISAAC RICE and C. B. WHEELER for appellant.

Opinion of the Court by Chief Justice Hurt—Reversing.

At the April term of the Martin circuit court, 1920, the grand jury returned an indictment which, leaving off the caption, is as follows:

"The grand jury of Martin county in the name and by the authority of the Commonwealth of Kentucky, accuse J. A. Stepp of the offense of unlawfully becoming and being interested and concerned, both directly and indirectly, in contracts for work done for Martin county on its public roads, he at the time being a regularly elected, qualified, commissioned and acting justice of the peace or magistrate of said county, and by virtue thereof being a member of its fiscal court; commited as follows: The said defendant, J. S. Stepp, was at the regular county election held November, 1917, duly elected magistrate or justice of the peace within and for said county, magisterial district No. 6 thereof, for and during the four year term beginning first Monday in January, 1918; thereafter and before first Monday in January, 1918, and after he had been duly commissioned as the law requires, he duly qualified as such magistrate or justice of the peace for said term, by taking all the oaths required by law, and executing bond in the Martin county court which bond was approved by said court; thereafter and while so acting as such justice of the peace and being by virtue thereof a member of the fiscal court of said county said defendant did, in the county and circuit aforesaid, on the first day of April, 1920, and on various and divers other dates and times prior thereto, within a year next before the finding of this indictment, unlawfully accept employment from said fiscal court of which he was a member, to work and superintend work on the public roads of said county, within said magisterial district, and to employ labor to work thereon under him; said defendant did, pursuant to said employment, employ labor to work on said roads under him, their claims for services being voted on and allowed by him, as a member of said fiscal court, and he superintended said work and worked himself thereon pursuant to said employment, for which services and work he received and was paid five dollars per day for the time he so worked and performed service, out of the treasury of said county. In employing said labor said defendant employed his team and son as driver, at the price of six dollars per day,

which was paid to him and his said son out of the treasury of said county. The amount so paid him and his said son for his son's and said team's labor, inured to the benefit of said defendant. The said Martin county does not own, control or have within its limits a system of free turnpike roads, and said fiscal court is not charged with the duty of keeping or maintaining a system of turnpike roads, or any such roads.

"Against the peace and dignity of the Commonwealth of Kentucky."

A general demurrer was sustained to the indictment, and from the judgment dismissing the indictment, the Commonwealth has appealed.

The soundness of the opinion of the trial court rests upon the decision as to whether or not, under the laws of the Commonwealth, the indictment accuses the appellee of the commission of a public offense—that is an act the doing of which is prohibited under a penalty.

Section 1844, Kentucky Statutes, provides as follows:

"No member of the fiscal court shall be interested directly or indirectly, or be concerned in any contract for work to be done, or material to be furnished for the county, or any district thereof nor purchase nor be interested in any claim against the county or state. Any member of the fiscal court who shall violate the provisions of this section shall upon conviction be fined not less than five hundred dollars nor more than five thousand dollars for each offense."

Section 1845, Kentucky Statutes, permits the members of the fiscal court to be paid a per diem for attending the meetings of the committees of the court in counties wherein a system of free turnpikes is maintained under the control and supervision of the fiscal court. The indictment alleges that a system of free turnpikes is not maintained in Martin county under the control or supervision of the fiscal court, and hence the provisions of section 1845, *supra,* if otherwise applicable to the employment of which appellee is accused, can have no application to the facts upon which the indictment is predicated.

Section 1844, *supra,* prohibits a member of the fiscal court, either directly or indirectly from being interested or concerned in any contract for work to be done for the county, or any interest in any claim to be presented to the fiscal court against the county and the indictment accuses the appellee of accepting employment from the

county, and by the terms of the contract with the county he was to work upon the public roads and, also, to employ other persons to work upon the public roads under his supervision, and for his services he was to and did receive the sum of $5.00 per day, which was allowed to him by the fiscal court and paid under its orders out of the county treasury. Such an arrangement is a contract with the county. The appellee, while making such contract and executing it by performing such services and receiving such compensation, was a member of the fiscal court of the county.

If such facts as are alleged in the indictment are true, there could be no question as to the appellee being interested in and concerned in a contract for work to be done for the county, and the claims to be allowed to those employed by him and to work under his supervision, would likewise create an interest and a concern upon his part in such claims. Commonwealth v. Lane, 125 Ky. 725; Boyd Co. v. Arthur, 118 Ky. 932. Why the legislature deemed it wise to prohibit a member of the fiscal court from being interested or concerned in any contract for work to be done for the county is a matter not difficult to understand, nor is it difficult to discern why it prohibited such actions under so severe a penalty. The fiscal court has control of the finances of the county, the authority to lay taxes and to expend them for the county's benefit, and to order the payment of the county's obligations, and its members should be free to act in the county's interest and not be influenced to act contrary to its interest by selfish motives of its members. If a county is indebted to the members of its fiscal court and such members are enabled to make contracts with themselves for the benefit of the county, they would, also, be enabled to pay themselves for such claims of indebtedness out of the public funds which would probably be an incentive to corruption and "graft."

(2)     The fact that the indictment was not signed with the name of the Commonwealth's attorney but instead was subscribed with the name of the foreman of the grand jury, did not render it subject to demurrer nor invalid. The proper endorsement was made in the proper place and signed in the proper way by the foreman of the grand jury as required by the statute relating to such matters. There is no provision of the Code, nor any statute which requires the indictment to be subscribed at

its end by the Commonwealth's attorney, nor to be subscribed by any one, and hence would be sufficient if subscribed by no one. Brown v. Commonwealth, 135 Ky. 635; Sims v. Commonwealth, 12 K. L. R. 215.

The judgment is therefore reversed and cause remanded for proceedings not inconsistent with this opinion.