## Sigmon v. Commonwealth.

(Decided March 13, 1925.)

### Appeal from Rockcastle Circuit Court.

1.  Counties—Indictment Held to Charge Violation of Statute.—Indictment held to charge violation of Ky. Stats., section 1844, in apt language.

2.  Indictment and Information—Indictment for Violation of Statute by Member of Fiscal Court Need Not Negative Exception in Statute.—Indictment under Ky. Stats., section 1844, for accepting money from county while member of fiscal court, held not demurrable for failure to negative exception under section 1845, permitting members of fiscal court to receive pay for work on turnpikes in counties maintaining system of free turnpikes under control of court; proof of such exception being a matter of defense only.

3.  Criminal Law—Equitable Estoppel no Defense.—Equitable estoppel is never defense in prosecution for violation of statute.

4.  Counties—Evidence of Good Faith in Accepting Money from County, as Prohibited by Statute, Properly Excluded.—In prosecution under Ky. Stats., section 1844, for accepting money from county while member of fiscal court, evidence of good faith and absence of fraud held properly excluded; neither matters being element of offense.

C. C. WILLIAMS and S. D. LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, W. N. FLIPPIN and G. M. BALLARD for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted and his punishment fixed at a fine of $500.00, upon his trial under an indictment which, omitting the caption, reads:

"The grand jury of Rockcastle county, in the name and by the authority of the Commonwealth of Kentucky, accused W. B. Sigmon of the offense of being interested in a contract with, and claim against, Rockcastle county, while servicing as a member of the fiscal court of said county, committed as follows: The said W. B. Sigmon in the county and Commonwealth aforesaid, on the 13th day of November, 1923, and within twelve months before the finding of this indictment, being a regularly elected, duly qualified and acting justice of the peace in and for Rockcastle county, Kentucky, and as such a member of the fiscal court in and for said county, did unlawfully, wrongfully and illegally become interested in a claim against said county, and did unlawfully, wrongfully and illegally present to said fiscal court a claim against said county in favor of himself for services he claimed to have rendered said county in looking after roads while a member of said fiscal court in said county and did unlawfully, wrongfully and illegally demand and receive from said fiscal court on said claim the sum of $200.00 out of the general funds of said county, said defendant being at all times herein referred to a member of said fiscal court.

"Contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

The first ground urged for a reversal is that the court erred in overruling defendant's demurrer to the indictment.

The indictment was drawn under section 1844 of the Kentucky Statutes, and charges the defendant, in apt language, with the commission of acts which we have held in a number of cases constitute a violation of that section. Boyd County v. Arthur, 118 Ky. 932, 82 S. W. 613; Vaughn v. Hulett, 119 Ky. 380, 84 S. W. 309; Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512; Thomas v. O'Brien, 138 Ky. 770, 129 S. W. 103; O'Conner v. Weissinger, 142 Ky. 447, 134 S. W. 1126.

But in the last three of these cases, it was also held that section 1845 of the statutes creates an exception to the offense defined by section 1844, and permits members of the fiscal court, excepting the county judge, to act as a committee, or committees, in directing or supervising the work upon the turnpikes and roads, and receive pay therefor "in those counties that maintain a system of free turnpikes under the control and supervision of the fiscal court."

The contention of the appellant is not that the indictment does not sufficiently charge the offense denounced by section 1844, but that it is demurrable because of its failure to negative the exception thereto, contained in section 1845, by averring that Rockcastle county did not at the time maintain a system of free turnpikes under the control and supervision of the fiscal court.

The rule, however, is firmly established in this jurisdiction that an indictment is not demurrable because of its failure to negative exceptions found in different paragraphs or sections from that section or paragraph which creates the offense, and that it is matter of defense to be proven by the defendant that his acts come within such exceptions. Commonwealth v. L. & N. R. Co., 186 Ky. 1, 215 S. W. 938; Dials v. Commonwealth, 192 Ky. 440, 233 S. W. 888; Commonwealth v. Meeks, 192 Ky. 690, 234 S. W. 292.

Commonwealth v. Stepp, 193 Ky. 469, 236 S. W. 1049, relied upon by appellant, is not in conflict with this rule, although the indictment therein contained not only the same allegations in substance as this one, but also an averment that the county in question did not own or maintain a system of free turnpikes under the management and control of the fiscal court. The question as to whether this latter averment was necessary to the validity of the indictment was neither raised nor discussed, and that case is pertinent here only in so far as it holds, as it does, that substantially the same facts alleged in this indictment constitute a violation of section 1844 of the statutes.

We are, therefore, clearly of the opinion that the court did not err in overruling the demurrer to the indictment.

The next insistence of the appellant is, that the court erred in refusing to permit him to prove the character of work performed by him, and that same was reason-

ably worth the $200.00 he was paid by the county therefor.

The theory upon which it is claimed this evidence was competent is, that bad faith or fraud is a necessary element of the offense charged by section 1844, and proof of the absence thereof constitutes a defense to such a charge. In support of this contention, reliance is had upon Flowers v. Logan County, *supra;* but that case was a civil action and simply holds that a county cannot recover, from a member of a fiscal court, public money expended by him for the county in an illegal manner but for a legal purpose, in the absence of bad faith or fraud; and that it could not recover from him fees paid him for his services as a committee, because it was shown that in that county a system of free turnpike roads was maintained under the supervision and control of the fiscal court.

A recovery of the money expended in good faith and without fraud for a legal purpose but in an illegal manner was denied under the doctrine of equitable estoppel, which, while sometimes available as a defense, even against a municipality in a civil action for a recovery of money, is never a defense in a criminal prosecution for the violation of a statute.

Hence that case is authority here only to the effect, as are the other cases *supra,* that if appellant had proven that Rockcastle county maintained a system of free turnpikes under the control of the fiscal court, he would not have been guilty of the offense charged in the indictment, and it is clear that the court did not err in excluding the evidence offered by appellant to prove good faith and the absence of fraud, because neither of these matters is an element of the offense as defined by the statute.

As the Commonwealth was not required to allege, neither was it required to prove, that a system of free turnpikes was not maintained in Rockcastle county under the control and supervision of the fiscal court. This, if a fact, was, as we have seen, matter of defense, and therefore provable by the defendant. This he did not do, or attempt to do.

Wherefore, the judgment must be and it is affirmed.