## Hunley v. Commonwealth..

(Decided January 21, 1927.)

## Appeal from Pike Circuit Court.

1. Rape—Indictment for Carnally Knowing Female Under 18 Years Held Defective for Failing to Allege Prosecuting Witness was Not Defendant's Wife (Ky. Stats., Section 1155. as Amended by Acts 1922. c. 17).—Indictment under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, for carnally knowing female under 18 years of age, held defective for failure to charge prosecuting witness was not defendant's wife.

2. Indictment and Information—Accusatory Paper Charging Statutory Offense Must Charge Elements Descriptive Thereof.—Accusatory paper charging offense which is purely statutory must charge elements which the statute enacts as descriptive of the offense.

3. Criminal Law—Admitting School Census, in Prosecution for Carnally Knowing Female Under 18 Years, to Prove Age of Prosecuting Witness, Held Erroneous (Ky. Stats., Section 1155, as Amended by Acts 1922, c. 17).—In prosecution under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, for carnally knowing female under 18 years of age, admission of school census to prove age of prosecuting witness held erroneous, where it was not conclusively shown how information was secured, but it appeared that it was not furnished by either parent.

4. Criminal Law—Under Some Circumstances Public Record Made in Due Course of Official Duties May be Introduced to Establish Facts Contained Therein.—Under some circumstances and conditions, public record may be introduced to establish facts it contains, when it is shown that it was made in due course of official duties, and when specific fact sought to be established was one of primary purposes in requiring record.

5. Criminal Law—It is Common Knowledge that Enumerators of School Census are Chiefly Concerned with Not Including Children Not Within Benefits of Public Education.—It is common knowledge, of which judicial notice will be taken, that enumerators of school census are chiefly concerned that list of school children shall not include any who do not come within benefits of public education.

6. Criminal Law—It is Common Knowledge that Recording Age of Enumerated Pupils for School Census is Done Without Much Regard for Accuracy (Ky. Stats., Section 4449).—It is matter of common knowledge, although Ky. Stats., section 4449, requires age of enumerated pupil for school census to be recorded, yet as matter of practice that is done without much regard to its accuracy.

7. Rape—Evidence Held Sufficient to Authorize Finding of Penetration in Rape Prosecution (Ky. Stats., Section 1155, as Amended by Acts 1922, c. 17).—In prosecution under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, for carnally knowing female under

18 years of age, evidence held sufficient to authorize finding of penetration.

8. Rape—Evidence of Prosecutrix's Chastity is Inadmissible in Prosecution for Carnally Knowing Female Under 18 years (Ky. Stats., Section 1155, as Amended by Acts 1922, c. 17).—In prosecution under Ky. Stats., section 1155, as amended by Acts 1922, c. 17, for carnally knowing female under 18 years of age evidence bearing on chastity of prosecutrix is inadmissible.

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Harrison Hunley, was indicted in the Pike circuit court charged with the offense denounced by section 1155 of the Kentucky Statutes as amended by chapter 17, Session Acts, 1922, page 65, commonly known as the "Age of Consent" statute. At his trial he was convicted and punished by confinement in the state penitentiary for two years. His motion for a new trial was overruled and he has appealed, and his counsel urge a number of grounds for a reversal of the judgment, but none of which do we regard as sufficiently material to merit our consideration except (1), insufficiency of the indictment; (2), erroneous instructions based on such insufficiency, and (3), incompetent evidence introduced by the Commonwealth over defendant's objections; and which grounds we will consider in the order named.

1. Grounds (1) and (2) are in reality directed to the same complaint and they will be disposed of together. Prior to the 1922 amendment the statute read: "Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years." The amendment increased the maximum age of the victim from 16 years to 18 years and then proceeded to enact degrees of punishment measured by the respective ages of both victim and perpetrator. It also for the first time provided punishment for a female perpetrator and expressly enacted that the victim should not be the spouse of the perpetrator; and one objection to the indictment is that it did not charge that Carry Hall, the victim, in this case, was not the wife of defendant, and which objection we think is well taken. The offense is purely a statu-

tory one, and the rule is universal that in the accusatory paper charging such offenses the elements which the statute enacts as descriptive of the offense should be charged. We are aware that in the case of Commonwealth v. Landis, 129 Ky. 445, which was an indictment under the statute as it was before the 1922 amendment, held that no such negative statement was required in the indictment, but the statute as it existed at that time contained no such element of the offense. Likewise, in the case of Fuson v. Commonwealth, 210 Ky. 574, a similar conclusion was reached concerning an indictment under section 1158 of the statute, and which section does not contain as an element of the offense there described the statement that the victim shall not be the spouse of the perpetrator. Whether the omission of the accusatory paper to contain such negative statement would be grounds for reversing the judgment, especially where there was neither demurrer thereto nor motion in arrest of judgment, and when the facts conclusively showed that the victim was not the spouse of the perpetrator, is not necessary to be determined, since the judgment must be reversed for reasons hereinafter appearing.

The indictment in this case, omitting caption, signature and endorsements, says: "The grand jury of Pike county, in the name and by the authority of the Commonwealth of Kentucky, accuse Harrison Hunley of the crime of carnally knowing and having sexual intercourse with a female under the age of 18 years, committed in manner and form as follows, viz.: The said Harrison Hunley, on the 8th day of October, 1924, in the county aforesaid, did unlawfully, willfully, and feloniously carnally know and have sexual intercourse with Carrie Hall, who was then and there a female under the age of 18 years at the time, against the peace and dignity of the Commonwealth of Kentucky." It will be observed that it follows strictly section 1155 *supra,* as it was before the amendment, except it charged the maximum age of the female victim as contained in that amendment (18 years) instead of the maximum age (16 years) as contained in the former statute.

The case of Hewitt v. Commonwealth, 216 Ky. 72, was one involving an indictment under the same amended section and that indictment, as here, was apparently drawn under the old statute and without any recognition or notice of the changes made therein by the amendment.

In the opinion in that case the relevant portions of the amendment, wherein degrees of punishment were prescribed in accordance with the respective ages of the parties, are inserted, and reference is made thereto as well as to the amendment for that information, since we have concluded to not incumber this opinion therewith. In the Hewitt opinion we held that there could be no *felony* punishment unless the alleged facts in the indictment authorized it under the section as amended, among which was that the age of the perpetrator must be alleged and proven to have been 21 years or over. If that had been done in this case and the negative statements were contained in the indictment, no doubt, under the Hewitt opinion, and also the one in the case of Madden v. Commonwealth, 202 Ky. 782, the defendant if proven guilty could have been punished by confinement in the penitentiary for not less than two nor more than 10 years, as prescribed in subsection 3 of the amendment, wherein the female victim is under the age of 18 years and over 16 years and the perpetrator as much as or more than 21 years old. But the indictment herein not having averred the age of the perpetrator, it was incompetent for the court, as held in the Hewitt case, to submit any of the felony charges contained in the amendment. The ages of both perpetrator and victim, under that opinion, should be alleged, and the punishment submitted in the instructions should conform to the proof concerning such' alleged ages, unless, as in the Madden opinion, a higher degree of the offense, and entailing a corresponding increased punishment, might be proven than was charged in the indictment, in which case the defendant could not be punished for any greater degree of felony than the one charged; but in no case could he or she receive a felony punishment in the absence of an allegation that his or her age was as much as or more than 21 years.

2. Under ground (3) a number of objections to evidence are urged, and various items of testimony are assailed, but none of which do we consider of sufficient materiality to merit our consideration except that relating to the introduction of the school census to prove the age of Carry Hall, the victim. That testimony was furnished by Bessie Riddell Arnold, and we insert her examination in chief on that point, and it was: "Q. Do you hold some official position in Pike county? A. Yes, sir, deputy county court clerk. Q. As such are you the cus-

todian of the school census record kept in that office? A. Yes, sir. Q. Have you a record showing the day and year that this prosecuting witness Carry Hall was born? A. Objected to; overruled; except. Yes, sir. Q. What is that record? A. Of date, August 1st, 1909.'' On her cross-examination it was developed that she did not know who made and returned the list to the county court clerk's office, nor by whom it was made or who furnished the information to the list taker or enumerator at the time it was made; although it later appears that at the time the list was taken in 1920, Carry Hall was living with an uncle and not with her mother. So that, the presumption would be that the uncle furnished the information to the enumerator, but whether so or not it conclusively appears that neither parent did so.

We are aware of the rule that under some circumstances and conditions a public record may be introduced to establish the facts it contains when it is shown that it was made in the due course of official duties by a person upon whom the law enjoined the duty to do so, and when the specific fact sought to be established was one of the primary purposes in requiring the record to be made. Hence, some courts admit as evidence under certain circumstances the reports of the federal census enumerators when duly authenticated to prove facts which it was the specific and one of the primary duties of the enumerator to make and was one that the government purposed to make and to preserve for general public information. Such is the case of Priddy v. Boice, 201 Mo. 309, 99 S. W. 1055, and reported in 9 L. R. A. (N. S.) 718. But the Supreme Court of North Carolina in the case of Campbell v. Everhart, 139 N. C. 503, held that even the federal census when compiled under the strict mandatorially enjoined duties of the federal statute was not admissible substantive proof of any fact, except one of a public nature, and it was expressly said in that case that such records were incompetent ''to prove the age of a particular person, or that a particular person was not *in esse* at a given time,'' and one of the authorities in support of that holding was the text of Mr. Wigmore in his work on Evidence, section 1671.

To the same effect is the case of Battle v. Tallman, 96 Ala. 403, 11 So. 247, and in the case of Edwards v. Logan, 114 Ky. 312, 70 S. W. 852, we held that it was incompetent in an election contest to introduce the school

census to prove that certain contested ballots were cast by persons who were under 21 years of age. On that point we said: "The court is of the opinion that this school census is not evidence of the date of the birth of these people for any other purpose than school purposes." Of course, such records would be competent for the purpose of contradicting the person who made them, if he had testified contrary thereto and the proper foundation was laid, or to contradict the declarant (the one who furnished the enumerator with such facts) if he had testified to the contrary; but that is altogether a different purpose than their introduction as substantive testimony. Hence, in the case of Combs v. Brewer, 169 Ky. 571, which involved a contest of a school trustee election and where the age of a particular voter was being investigated, the school census was introduced, but it appeared therein that the enumerator of that census testified and stated that the information he received was from the mother and the facts stated in the census contradicted the latter, who also testified in the case. The question as to whether the school census report would have been substantive evidence in and of itself in the absence of the testimony of the other witnesses who participated in its making was neither presented nor determined in that opinion, nor was it commented on.

In the case of Bertram v. Witherspoon, 138 Ky. 116, a similar report was admitted to prove the age of Porter Witherspoon, a relevant fact in the case. But it seems to have been done on the theory that the census report was an ancient document and that Thomas Witherspoon, the father of Porter, was the declarant and the one who furnished the information recorded in the report, and he was dead at the time the testimony was introduced, and which brought the admission of such testimony within the rule of competent evidence to prove pedigree. Neither that case nor the Combs case made any reference whatever to the Edwards case *supra,* wherein we expressly held that such reports were incompetent as substantive evidence to prove age.

In volume 2 of Jones on Evidence, 1913 edition, the learned author in chapter 10, beginning with section 297, discusses the doctrine of hearsay evidence, and as is well known he states in section 312 of the same chapter that hearsay evidence to prove pedigree constitutes one of the exceptions to the rule denying the competency of such

evidence.   In the latter section his text says; *inter alia*:
"In such cases (proof of pedigree) hearsay evidence of
declarations of persons who from their situation were
likely to know is admissible when the person making the
declaration is dead. . . . The rule of admission is
therefore restricted to the declarations of deceased per-
sons who were related by blood or marriage to the person,
and therefore interested in the succession in question."
In the same section he reiterates both prerequisites to the
admission of such testimony, *i. e.,* that the declarant must
be dead at the time the testimony is offered and must
have sustained such relation to the person whose pedi-
gree is under investigation as to raise the presumption
that they possessed knowledge of the fact.   It is also
stated in that section that the fact of age comes within
the pedigree doctrine, and in section 315 the text says:
"Other illustrations of written declarations which have
been admitted as to questions of pedigree are entries
made in almanacs, charts of pedigree, school census, or
other books or papers which mention births, marriages
and deaths."   The Witherspoon case is cited in the note
as authority for classifying school census as coming
within pedigree declarations, and which case is also
reported in 1912A Annotated Cases 1217.

We do not mean to be understood at this time as
adopting without qualification the rule that school census
reports possess no higher degree of verity than strictly
hearsay pedigree declarations, and our reference to the
text of Mr. Jones is for the purpose of showing that as
distinguished an authority as he placed such reports in
the latter classification, thus showing that he does not
regard them of as high a dignity and probative force as
a public record of a fact where accuracy is specifically
enjoined on its maker and is the only purpose in requiring
it, as is true in many such records.  .However, as a matter
of common knowledge and of which we take judicial
notice, the enumerators of the school census are chiefly
concerned while performing their work to discharge the
principal purpose that the legislature had in view in
requiring such reports to be taken and made, which was
that the list of school children within the particular terri-
tory shall not include any who do not come within the
benefits of public education, *i. e.,* who are under the mini-
mum and over the maximum prescribed ages to receive
the public school per capita.   The chief public purpose

to be served in requiring such reports is to protect the state from paying per capita school funds contrary to the law, and which is only done whenever the pupils come within the prescribed minimum and maximum ages. Furthermore, it is a matter of like common knowledge that, although the statute (section 4449) requires the age of the enumerated pupil to be recorded, yet as a matter of practice that is done without much regard to its accuracy. The information furnished to the enumerator is frequently given by members of the family who do not know except from tradition the age of the listed pupil, and it is sometimes recorded by the enumerator himself from inspection or rumored information. Perhaps, more frequently than otherwise the parents, and especially the mothers, who, more than all others, are most competent to speak upon the subject, are never consulted. Under such circumstances it would indeed be of the greatest doubtful propriety to allow such records in and of themselves the weight of substantive testimony, and especially so in prosecutions where the liberty or the life of the defendant is dependent upon the fact of age sought to be established by the introduction.

Taking this case for illustration, the entire guilt or innocence of defendant depends altogether on the age of the victim, and upon that question the only evidence might be the census taken in the way hereinbefore indicated. Moreover, if he was above 21 years of age and the victim was under 12 years of age, then under subsection 1 of the amendment *supra,* he would be subject to a punishment of confinement in the penitentiary for not less than twenty nor more than fifty years, or by death; and each of those punishments might depend altogether on the question of age, and it in turn on the statements contained in the school census. If, as held in the Edwards case, such reports are not admissible as substantive testimony to prove age in an election contest case, *a fortiori,* would they also be incompetent to prove the fact of age in a criminal prosecution where the life or liberty of a citizen was at stake, and it is our conclusion that such coveted rights should not be forfeited upon such unsubstantial and precarious proof. In view of the foregoing facts we have concluded that such reports, except for the purposes and under the circumstances hereinbefore stated, were not admissible, and the

court erred in admitting the testimony of the deputy county court clerk in this case.

It is also argued that in prosecutions under the statute proof of penetration is required, and the case of Nider v. Commonwealth, 140 Ky. 684, is cited in support of that contention. The opinion in that case correctly so held, but the evidence therein by the prosecutrix, as well as that of physicians who examined her, negatived penetration, and the opinion held that there must be evidence of that fact, howsoever slight. The evidence in this case as given by the prosecutrix was that defendant had ''carnal sexual intercourse'' with her, and we think that statement sufficient to authorize a finding by the jury of penetration without a further detailed statement or proof to the contrary, and we so held, in substance, in the case of Hale v. Commonwealth, 196 Ky. 44.

There was also some proof by defendant in this case bearing upon the chastity of the prosecutrix and which should have been excluded. McCreary v. Commonwealth, 206 Ky. 1. If the Commonwealth desires to prosecute defendant upon a felony charge it should resubmit the case to the grand jury, and if an indictment is found one should be prepared in conformity with this opinion.

Wherefore, the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.