## Commonwealth v. Hines.

May 3, 1940.

W. J. Baxter, Judge.

Hubert Meredith, Attorney General, W. Owen Keller, Assistant Attorney General, and G. Murray Smith, for appellant.

J. P. Chenault and Clay Shackelford for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER— Certifying the law.

The appellee, Curley Hines, was indicted by the grand jury of the Madison Circuit Court for carnally knowing a girl under the age of consent, an offense denounced by Section 1155, Kentucky Statutes. The indictment charged that at the time of the alleged commission of the offense the victim was not appellee's wife and that she was of the age of 12 years and under the age of 16 years, and that appellee was over 21 years of age. Upon the trial no evidence was introduced as to the age of appellee, yet the court instructed the jury in substance that if they believed from the evidence beyond a reasonable doubt that appellee committed the offense and was at that time over 21 years of age, he should be convicted of a felony. The jury found appellee guilty and fixed his punishment at five years' confinement in the penitentiary. The court granted him a new trial because his age was not proven and the commonwealth

prosecutes this appeal to obtain a certification of the law.

By referring to Section 1155, it is seen that the offense is graduated into several degrees and the enormity of the crime and its punishment is made to depend upon the ages of the victim and the perpetrator. Where the girl is under the age of 12 years and the man over the age of 21 years, the punishment shall be fixed at confinement in the penitentiary for not less than 20 years, nor more than 50 years, or by death, in the discretion of the jury; while if the girl is of the age of 16 years and under the age of 18 years, and the boy is of the age of 17 years and under the age of 21 years, the punishment shall be a fine in any sum within the jury's discretion, not exceeding $500.

It was written in Hewitt v. Com., 216 Ky. 72, 287 S. W. 223, that where the indictment did not allege that the defendant was over 21 years of age at the time the offense was committed, no felony was charged and the defendant could be convicted only of a misdemeanor. The Hewitt case has never been deviated from and was followed in Hunley v. Com., 217 Ky. 675, 290 S. W. 511; Oakley v. Com., 220 Ky. 313, 295 S. W. 142; and Hylton v. Com., 230 Ky. 565, 20 S. W. (2d) 453. As the age of the man who is charged with the violation of this statute is the foundation upon which the degree of the offense and the severity of the punishment are based, it is apparent his age must be proved with the same precision as that of his victim. In Hunley v. Com., supra, we said [217 Ky. 675, 290 S. W. 512]:

"The ages of both perpetrator and victim, under that opinion [Hewitt v. Com.], should be alleged, and the punishment submitted in the instructions should conform to the proof concerning such alleged ages * * *."

It is suggested in the brief for the commonwealth that as appellee was present at the trial, the petit jury saw and observed him, therefore, it could determine without any proof whether or not he was over 21 years of age. Where age is the vital fact and is determinative of the category into which the crime falls and of the punishment to be inflicted, it must be proved just as any other material fact upon which a conviction hinges, and

the jury must not be left to guess or speculate away such a precious thing as a man's life or liberty. In civil actions where the pivotal fact of the case was whether or not a person was 21 years of age, strict proof has been required to be made of the age of the person involved. Bertram v. Witherspoon's Adm'r, 138 Ky. 116, 127 S. W. 533, Ann. Cas. 1912A, 1217; Adkins v. Adkins, 183 Ky. 662, 210 S. W. 462.

It is urged by the commonwealth that as the provisions of the statute making the crime a misdemeanor if the defendant be under 21 years of age appears in subsection 5, it is not necessary to prove appellee was over 21 years of age, but it was incumbent upon him as a matter of defense to prove he was under 21 years of age. The commonwealth seeks to invoke the rule that where an indictment is brought under a statute containing an exception in the sentence or paragraph which creates or describes the crime, the exception must be negatived; but if the exception is contained in a separate paragraph or provision of the statute, it is a matter of defense and the commonwealth need not negative it in the indictment or by proof, citing Com. v. Meeks, 192 Ky. 690, 234 S. W. 292; Marshall v. Tully, 193 Ky. 246, 235 S. W. 726; Sigmon v. Com., 207 Ky. 786, 270 S. W. 40. This rule has no application here as the provision relating to the man's age is not an exception relieving him of the offense.

In order for the indictment under Section 1155 of the statutes to charge appellee with a felony it must aver he was over 21 years of age at the time of the commission of the offense. It necessarily follows that it is incumbent upon the commonwealth to prove appellee was over 21 years of age at the time of the alleged commission of the offense before he may be convicted of a felony. And this we certify as the law of the case.