CASE 3—INDICTMENT—JUNE 8.

# Commonwealth vs. McClanahan.

APPEAL FROM BRACKEN CIRCUIT COURT.

1. It is well settled that where provisos and exceptions are contained in distinct clauses of a statute defining an offense, it is not necessary to aver in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Nor is it necessary to allege that he is not within such provisos, even though the purview should expressly notice them; as by saying that none shall do the act prohibited, except in the cases thereinafter excepted. These are properly matters of defense. (*Wharton's Criminal Law*, 190; 2 *Yerger*, 233; 7 *B. Monroe*, 1.)

2. An indictment, under the act of March, 1854, prohibiting the carrying of concealed deadly weapons, which distinctly charges that the instrument carried by the

Commonwealth vs. McClanahan.

defendant was a deadly weapon, and carried concealed, is sufficient to bring the case within the act *supra*, without stating that the defendant did not come within the exceptions mentioned in the second section of the act.

•

JAMES HARLAN, Attorney General, for Commonwealth.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

This is a prosecution under the act of March, 1854, prohibiting the carrying of concealed weapons.

The indictment was held bad on demurrer, and whether properly so held, is the only question to be considered.

The first section of the act declares, " that if any person shall hereafter carry any concealed deadly weapons, other than an ordinary pocket-knife—except as provided in the next section—he shall be fined on the first conviction not less than fifty dollars," &c.

The next section provides that the carrying of such weapons shall be legal in the following cases :

" 1. Where the person has reasonable grounds to believe his person, or the person of some of his family, or his property, is in danger from violence or crime.

" 2. Where sheriffs, constables, marshals, and policemen, carry such weapons as are necessary to their protection in the efficient discharge of their duty.

" 3. Where persons are required by their business and occupation to travel during the night, the carrying concealed deadly weapons during such travel."

The indictment charges that the defendant, " on the —— day of July, 1858, and on divers other days before and since, in the county aforesaid, did carry concealed a deadly weapon, to-wit : a certain deadly weapon commonly called a 'slung-shot,' together with other deadly weapons to the jurors unknown, and other than an ordinary pocket-knife, against the peace and dignity of the Commonwealth," &c.; but fails to negative the provisos contained in the second section, or to state that the defendant did not come within either of them.

The allegation with regard to the character and description of the weapon mentioned, as well as all other allegations of fact, must be considered as true upon demurrer ; and inasmuch

VOL. 2—2.

as the charge is distinct that the instrument carried was a deadly weapon, and carried concealed, it is sufficient to bring the case within the act. Nor does the failure to negative the provisos, or to state that the defendant did not come within the exceptions mentioned in the second section of the act, constitute a valid objection to the indictment.

It is well settled that where provisos and exceptions are contained in distinct clauses, it is not necessary to aver in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. Nor is it necessary to allege that he is not within such provisos, even though the purview should expressly notice them; as by saying that none shall do the act prohibited, except in the cases thereinafter excepted. These are properly matters of defense. (*Wharton's Criminal Law*, 190; 2 *Yerger*, 233; *Commonwealth vs. Young*, 7 *B. Monroe*, 1.)

There being, in our opinion, no valid or available objection to the indictment upon demurrer, it seems to us that the court erred in sustaining the demurrer; and the judgment is therefore reversed and cause remanded, with directions that the same be overruled, and for further proceedings.