## SUPREME COURT—IN BANCO.

### JULY TERM—1869.

*Allen, Ch. J., Hartwell and Austin, J. J.*

#### THE KING vs. KAONA.

CIRCUIT COURTS have not JURISDICTION to grant new trials in CRIMINAL CASES, but they have in CIVIL CAUSES.

An objection to the JURISDICTION must be taken if at all before the Circuit Court.

The SUPREME COURT has power to grant NEW TRIALS on exceptions, from the CIRCUIT COURTS.

A VERDICT will not be SET ASIDE "because the Court would have drawn a different conclusion from that drawn by the jury," nor "in criminal cases particularly, where there was legal evidence tending to support the verdict," on the ground of INSUFFICIENCY OF EVIDENCE.

The opinion of the Court was delivered by HARTWELL, J.

Bill of exceptions to judgment of Circuit Court of the Third Judicial Circuit, denying a motion in arrest of judgment. The question was raised in the argument of this case, upon the jurisdiction of the circuit courts to grant a new trial in criminal cases, and upon the form in which exceptions should be brought here from the rulings of the circuit court declining to entertain, or denying motions for new trial, or in arrest of judgment.

In this case, the bill avers that the motion overruled was in arrest of judgment, whereas the pleadings, which are referred to and made part of the bill, show that the motion was for a new trial. We do not think that objection can properly be made for the first time in the argument, to the Court having entertained jurisdiction of this motion. Each side submitted to the *pro forma* ruling thereon, and cannot be heard

upon a question not raised then, or presented by the exceptions. In accordance with the decision in the King *vs.* Cornwell, we regard the course authorized by our statutes and practice to be, this : The circuit courts may entertain motions in arrest of judgment, under Section 1107 of the Civil Code, and exceptions to the rulings thereon, certified by the presiding Justice, may be brought to the Supreme Court *in banco,* as in cases contemplated in Section 834 of Civil Code, *et seq.,* upon rulings by the Supreme Court, when held by one Justice. In civil cases, motions for new trial may be brought before the circuit courts, and exceptions, in like manner, may then be brought here, under Sections 1155 and 1156 of the Civil Code ; but in criminal cases, no power to grant new trials being expressly given to the circuit courts, the defendant's exceptions to the rulings, and to all matters on which a new trial may properly be granted by this Court, under its general supervisory power over the inferior courts or otherwise, may come here certified up, as in other cases, and such action as law and justice demand will be taken thereon. Of course the statute provisions for writs of error, mandamus, certiorari and other writs and processes, and for appeals exist in cases applicable thereto.

This course gives parties accused the full benefit of a regular and legal trial upon the merits and law, and of the opinion of this Court upon the rulings of the Court below, as well as upon the question whether the verdict is sustained by the evidence.

The power of this Court to grant new trials for errors not of record, such as want or insufficiency of evidence, the weight of evidence or the instructions of the Court, may be regarded as inherent to its general equity jurisdiction and superintending power over lower courts, in furtherance of justice. (See remarks of Parker, C. J., in Com. *vs.* Green, 17 Mass., 515).

In this case the Court is asked to set aside the verdict on

the ground of insufficiency of evidence. The principles are clearly defined and well established, on which our decision must be grounded. The Court will not set aside a verdict because we should have drawn a different conclusion from that drawn by the jury. Where, in criminal cases particularly, there was legal evidence directly tending to support the verdict, or where there was conflicting evidence, there is no legal authority for granting a new trial for want of evidence. (Hilliard's New Trials, p. 340, and [Shaw, C. J.] Whiton *vs.* Old Colony, 2 Met., 8).

The bill presents evidence pointing strongly to the conclusion that the defendant was once insane, and from which the jury might, perhaps, have inferred that he was not legally responsible, as a free moral agent, for the offence charged. They did not so find, and that was exclusively within their province.

It was in evidence that the defendant was the spiritual leader of a considerable number of persons, assembled together, ostensibly, for religious purposes; that the dead body of Sheriff Neville was in their possession, and had been refused, at the defendant's instance, to those who had requested it; that, in evident expectation of an attempt to regain the body, the defendant had exhorted his congregation as to the course they should pursue, in case such an attempt should be made. The verdict of manslaughter, which, *ex vi termini*, negatives the idea of intention or malice aforethought, renders the evidence of previous declarations or acts inapplicable to the count charging as accessory before the fact. (Arch. Cr. Pr., p. 71).

But this evidence bears upon the count charging as principal, as tending to show a state of things, and a condition of the defendant's mind, from which he would be likely to take notice of the commission of this offence, and to interpose and discountenance the act, if he did not approve it. There is a conflict of evidence as to his position, when Kamai was

killed; but whether he was in his own house, as the weight of evidence strongly tends to show, or in the lanai, there is nothing to negative the probability that he knew all that was going on. Under proper instructions to the jury, upon the subject of legal presence, knowledge, and willingness to assist, if needed, in committing the deed, and upon all the evidence, the jury were warranted in their conclusion of the defendant's guilt. Moreover, the defendant appears to have been the moving spirit in the whole affair, and to have had both power and opportunity to guide and direct the others. His influence over others being large, his responsibility is proportionately large. So far from attempting to restrain his followers from this unlawful act, he expressly sanctioned it, by declaring that it was right that the man was killed. By the solemn verdict of the jury, he has been found guilty, together with the deluded men who acted under his influence. By all the rules of law, as well as upon the merits, this verdict is affirmed.

Motion denied, and exceptions overruled.

A. F. Judd for the defendant.

Attorney General S. H. Phillips for the Crown.

Honolulu, August 11th, 1869.