### D. N. STANTON *vs.* JOHN DEMERRITT.

Suffolk. March 15. — May 4, 1877. ENDICOTT & SOULE, JJ., absent.

It is a good defence to an action by a payee against the maker of a promissory note made in New York, payable "on demand, with interest," that the payee received it as a substitute for a draft there drawn under an oral agreement, with his knowledge, for more than legal interest, and that the note itself was made under an oral agreement that he should receive the same interest upon it as that received in a certain other note which was usurious ; and the latter note is admissible in evidence to show what that rate was.

CONTRACT upon a promissory note for $7500, dated "New York, June 27th, 1873," payable "on demand, with interest," to the plaintiff, and signed by the defendant.

At the trial in the Superior Court, before *Dewey*, J., the defendant testified that the consideration of the note was the

return of a draft drawn by Lewis Rice upon the defendant, pay-able to the order of Rice, and indorsed by him; that both the draft and the note were made and delivered in New York, where the plaintiff resided; that at the time the draft was drawn and accepted and given to the plaintiff, which was in New York, it was agreed between Rice, the plaintiff and the defendant, that the plaintiff should take the draft at a greater interest than seven per cent. and give Rice the money; and that the plaintiff did pay to Rice for the draft the sum of $6908.33, the balance of $581.67 being reserved for interest.

The defendant contended that by this agreement the original draft was tainted with usury under the laws of the State of New York, which were put in evidence, and was therefore void in the hands of the plaintiff. The defendant further testified that the acceptance of the draft grew out of an agreement between Rice and himself, by which he was to lend to Rice and another, the receivers of the Alabama & Chattanooga Railroad, the sum of $40,000, for which Rice was to pay him at the rate of two per cent. a month interest; that the draft was a part of the $40,000; that he had advanced previously a portion of the sum, for which he held the note of Rice; that, at the time he gave the note in suit, he agreed with the plaintiff to pay to him, as interest, the same per cent. allowed by Rice to the defendant, on a note given by Rice to the defendant; and a note signed by Rice, said to be in consideration of a portion of the sum of $40,000 aforesaid, was offered in evidence. The plaintiff objected to the introduction of this note, but the judge admitted it for the purpose of showing what the rate of interest reserved in the note was, which was two per cent. per month.

It was in evidence that the defendant had paid nothing, either for principal or interest, on the note in suit, or on the original draft; and that, at the time the draft fell due, the defendant desired further time to pay the amount thereof, and that the note in suit was then given by him and received by the plaintiff.

The plaintiff contended that, inasmuch as the note in suit expressed interest on its face, without naming any percentage, the true construction of the paper was that the rate should be the legal rate of interest in New York; that it was incompetent to introduce evidence to control or va̶̶̶̶ that part of the note, by

showing an oral agreement to pay at some future time a greater
rate of interest; and that the draft, if purchased by the plaintiff
of the holder, would not be tainted with usury, as between the
parties thereto, even if the plaintiff bought it, or became the
owner of it, under an agreement by which he received a greater
rate of discount than the legal rate of interest.

The judge instructed the jury that if the original draft was
cainted with usury, of which the plaintiff had knowledge, then
the note in question, which was given for the draft, would be
affected by the usury, equally with the draft; that if an agree-
ment was made between the plaintiff and the defendant, at the
time the note in question was made, that it should be at a greater
rate of interest than seven per cent. a year, which would be the
rate under the laws of New York, although the note did not
state the rate, it would be a defence; and refused to instruct
the jury, as requested by the plaintiff, that the giving of the
note, even if the original draft was tainted with usury, would
purge it of fraud.

The jury returned a verdict for the defendant, and, in reply to
a question of the judge, stated that they found the original draft
was void for usury, and was without consideration. The plain-
tiff alleged exceptions.

*E. Avery*, for the plaintiff.

*A. A. Ranney*, for the defendant.

Lord, J.    There is no question raised upon the bill of excep-
tions in this case, that was not raised and expressly adjudicated
in *Dunscomb* v. *Bunker*, 2 Met. 8.    In that case, as in this, the
transaction was a New York one, and was governed by the laws
of New York as the *locus contractus*.    In that case, as in this,
the usurious agreement was oral, and not incorporated into the
contract itself.    In that case, as in this, the suit was not upon
the original obligation, but was upon a note given in payment
of, or substitution for, or collateral to, the original obligation.
In that case, as in this, the suit was not against the party who
originally agreed to the usurious interest, but against one who
was liable as an accommodation promisor.    Chief Justice Shaw
says in that case :  " It is very clear, that all bills, notes and se-
curities, given in satisfaction or in security of usurious debts, are
avoided by the statute, because their design is to enforce pay-

ment of the usurious debt; and to give effect to them would be directly contrary to the statute, and enable the lender to recover upon a security which the law declares void."

The defendant testified that, at the time he gave the note in suit, he agreed with the plaintiff to pay him, as interest, the same per cent. allowed by Rice to the defendant on a note given by Rice to the defendant; and it is very clear that it was competent for the defendant to introduce that note, for the purpose of showing what in fact was the percentage of interest upon that note, and for this purpose, and to this extent alone, it was admitted by the court. In the case of *Dunscomb* v. *Bunker*, there were facts much more favorable to the plaintiff's claim than in this. It did not appear in that case that the defendant had any knowledge of the usurious contract between the plaintiff and the party to whom the loan was made, to whom his accommodation note was given. Upon the authority of that case, therefore, these

*Exceptions must be overruled.*