WEST SIDE MOTOR EXPRESS, INCORPORATED *vs.* FINANCE DISCOUNT CORP. & another.[1]

Hampden.    January 5, 1960. — April 8, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Usury.    Interest.*

If the law of Connecticut governed the validity of a transaction, entered into and to be performed in Connecticut, involving a loan by a Connecticut corporation having its principal place of business there to a Massachusetts corporation having its principal place of business here and a chattel mortgage of property located here securing the borrower's obligation, provisions of the transaction requiring the borrower to pay interest at a rate greater than twelve per cent per annum would not be subject to and so not invalid under Connecticut Gen. Sts. (1949 Rev.) c. 325, § 6779; the applicable statute would be § 6778, allowing the lender to recover the agreed rate of interest if lawful under Massachusetts law. [671]

In a loan transaction evidenced by writings and not within any of the exceptions stated in G. L. c. 107, § 3, such rate of interest as the parties provided for in the writings would be lawful under § 3. [671]

BILL IN EQUITY, filed in the Superior Court on June 24, 1958.

The suit was heard by *Macaulay*, J., upon a master's report.

*Leonard S. Michelman*, for the plaintiff, submitted a brief.

*Alfred R. Shrigley*, (*Kenneth B. Williams* with him,) for the defendants.

COUNIHAN, J.   The plaintiff in its bill of complaint seeks to restrain the defendants from foreclosing a chattel mortgage, on the ground that the principal obligation is void as being in violation of the laws of the State of Connecticut.

---

[1] Kenneth B. Williams.

The suit was referred to a master whose report was confirmed. From a final decree dismissing the bill, the plaintiff appeals. There was no error.

The master found facts which are hereinafter recited. The plaintiff, a Massachusetts corporation having its principal place of business in Massachusetts, is the owner of all rights, interest, and privileges under a certificate of public convenience and necessity No. M. C. 60289 issued by the Interstate Commerce Commission. The defendant corporation, a Connecticut corporation having its principal place of business in Connecticut, hereinafter called the defendant, in December, 1957, lent the plaintiff the sum of $15,000, the latter giving the defendant a note for $16,923 and a chattel mortgage of its certificate of public convenience to secure the payment of the note. The rate of interest on this loan was not in excess of twelve per cent per annum. At the time the loan was made a "consulting agreement" was also made between the two parties whereby the plaintiff was to pay the defendant $2,500 for advice and other services. The loan would not have been made unless the plaintiff accepted the terms of the consulting agreement, and the agreement was, in fact, a condition of the $15,000 loan. The services which the defendant purported to offer the plaintiff under the consulting agreement were illusory and a sham to disguise an additional return for the $15,000 loan, and the $2,500 to be paid by the plaintiff under this agreement was a disguised interest charge. The $16,923 transaction and the $2,500 transaction are to be construed as a single transaction, and as such the rate of interest charged would be greater than twelve per cent per annum. The loan arrangement was executed in Connecticut and was to be performed there. The certificate was physically retained by the plaintiff in Massachusetts, and the chattel mortgage was recorded in the office of the town clerk of West Springfield. The plaintiff paid but one instalment, and the loan transaction became in default in late January, 1958. The defendant notified the plaintiff that the chattel mortgage would be foreclosed.

We assume that the validity of this contract is to be governed by the laws of Connecticut where it was made. See *Burke* v. *National Shawmut Bank*, 284 Mass. 36, 39; *Charney* v. *Charney*, 316 Mass. 580, 582; *Lenn* v. *Riché*, 331 Mass. 104, 109; Restatement: Conflict of Laws, § 332; and cases collected in Fine, Massachusetts Contract Cases and Problems in the Choice of Law, 43 Mass. L. Q. (No. 3) pp. 46, 52.

In the light of the conclusions we reach, however, we need not consider whether, in determining matters relating to usury, we could apply the law, more favorable to the validity of the contract, of another State with which the parties may have had connection. See cases collected in Beale, Conflict of Laws, §§ 332.15, 332.29; Goodrich, Conflict of Laws (3d ed.) § 111; Leflar, Conflict of Laws, § 131; Stumberg, Conflict of Laws (2d ed.) pp. 237–240. See also *Gale* v. *Eastman*, 7 Met. 14, 16; *Stanton* v. *Demerritt*, 122 Mass. 495, 497, 498.

Connecticut Gen. Sts. (1949 Rev.) c. 325, § 6779, in effect at the time of this transaction, provides in part: "No person and no firm or corporation . . . shall . . . directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than twelve per cent per annum." Chapter 325, § 6778, of the Conn. Gen. Sts. (1949 Rev.) states: "Whenever the maker of any contract is a resident of another state, or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest . . . not exceeding the legal rate of interest in the state where . . . such mortgage security is located."

Under the laws of Connecticut the undertaking in this contract is not usurious. Since the maker of the note, a Massachusetts corporation, had its principal place of business in Massachusetts, § 6778 is applicable by its terms and § 6779 does not apply. Under Massachusetts law the loan arrangement and interest charge would have been lawful. G. L. c. 107, § 3. We do not reach the question whether

§ 6778 is also applicable because the certificate of convenience of the Interstate Commerce Commission which was pledged as collateral had its situs in Massachusetts.

> *Decree affirmed, with costs of the appeal to the defendants.*