NORTON V. DICKER vs. LEO M. KLEIN.

Middlesex.  November 4, 1971. — January 4, 1972.

Present: TAURO, C.J., CUTTER, REARDON, BRAUCHER, & HENNESSEY, JJ.

Contract, Validity. Public Policy. Conflict of Laws. Evidence, Judicial notice.

The validity of a contract made in the Bahama Islands for repayment of money borrowed there for use in gambling activities was governed by the law of those islands. |736|

This court took judicial notice of the law of the Bahama Islands under G. L. c. 233, § 70, even though it was not brought to the attention of the trial court. |736–737|

Chapter 74 of the statutes of the Bahama Islands voiding instruments for repayment of money lent for gambling also voids the underlying debt and was applicable to bar an action on such a debt; there was no merit in a contention that the debt was not void because it was incurred in a duly licensed gambling casino operated by the lender, the holder of a "certificate of exemption" granted under a statute, where the certificate exempted its holder only from the criminal provisions of the Penal Code and not from the provisions of c. 74. |737–738|

CONTRACT.  Writ in the Superior Court dated April 8, 1968.

The action was heard by Sullivan, J.

Peter Myerson for the plaintiff.

Laurence M. Johnson for the defendant.

HENNESSEY, J.  This case was tried without a jury before a Superior Court judge who reported the case to this court, without decision, pursuant to G. L. c. 231, § 111. The question before us is whether the plaintiff is entitled to recover on a debt incurred by the defendant in the Bahama Islands.  The plaintiff's declaration contains six counts including those on two promissory notes,[1] those on oral contracts and those for money lent and money had and received.

The parties have filed a statement of agreed facts. The plaintiff is the assignee of Bahamas Amusements, Ltd., a corporation duly organized and existing under the laws of the Bahama Islands. The assignor owned and operated the Lucayan Beach Hotel located in Freeport, Grand Bahama. A gambling casino duly licensed under the laws of the Bahama Islands was operated at the hotel. On or about October 20 and 21, 1965, the defendant, a resident of this Commonwealth, was a guest at the hotel and took part in gambling activities in the casino. The debts here in question, amounting to $20,000, were incurred by the defendant when he borrowed the money from the plaintiff's assignor for use, in whole or in part, in his gambling activities at the casino. The two instruments involved were executed by the defendant to secure payment of those debts. The plaintiff took assignment of the debts and instruments with notice and actual knowledge of all of the circumstances.

The sole issue before us concerns the validity of the contract made between the defendant and the plaintiff's assignor wherein the defendant agreed to repay the money lent to him by the plaintiff's assignor. On this issue, it has long been the rule in this Commonwealth that the law of the place where the contract was made governs. *Burke* v. *National Shawmut Bank,* 284 Mass. 36, 39. *Charney* v. *Charney,* 316 Mass. 580, 582. *Lenn* v. *Riché,* 331 Mass. 104, 109. *West Side Motor Exp. Inc.* v. *Finance Discount Corp.* 340 Mass. 669, 671. We must therefore look to the law of the Bahama Islands. On this issue we point out that, even though that law was not brought to the attention of the court below, we are nevertheless authorized to take judicial notice of it under G. L. c. 233, § 70. *De Gategno* v.

---

[1] The instruments involved in this litigation have been referred to by the parties as promissory notes. We observe, however, that they do not contain any express words of promise. Rather, they contain words like those commonly found on instruments such as checks. On the faces of these instruments, however, there appears to be no reference to a third party such as a bank to whom the order might be addressed. In any event, the nature of instruments sued upon does not affect the result which we reach.

*De Gategno,* 336 Mass. 426. *Fiduciary Trust Co.* v. *First Natl. Bank,* 344 Mass. 1, 13, n. 4.

Chapter 74 of the Statute Law of the Bahama Islands, which was in effect when the debts in the case before us were incurred, provides, in relevant part, that "[a]ll notes, bills, bonds, judgments, mortgages, all other securities or conveyances whatsoever . . . entered into or executed by any person . . . where the whole or any part of the consideration of such conveyances . . . shall be . . . for the reimbursing or repaying [of] any money knowingly lent or advanced for . . . gaming or betting . . . shall be utterly void . . . and of none effect to all intents and purposes whatsoever, any statute law or usage to the contrary thereof in any wise notwithstanding." We believe that this broad provision is directly applicable to the facts of the present case. Without question, the statute was intended to proscribe gambling on credit in situations where the lender advances money knowing that some or all of the money will be used for gambling purposes. To discourage such activities, the Bahamas Parliament has, in this comprehensive enactment, declared that the lender shall have no right to recover the money lent. Such a provision is not uncommon and is, in fact, in accord with our own public policy. In this connection, we note that the same result would follow were our own laws applicable since our Legislature has expressed a similar intent in G. L. c. 137, § 3.

We have considered the several arguments made by the plaintiff and conclude that they are of no merit. His contention that the foreign statute voids only the notes and not the underlying debts ignores the manifest purpose of the statute. The statute voids "notes, bills, bonds, judgments, mortgages, all other securities or conveyances whatsoever . . . ." It would be an anomalous situation, indeed, to uphold the validity of the underlying debt in circumstances where, because of the statute, every method of securing the debt has been declared void. We reach our conclusion here after consideration of the broad purpose which Parliament undoubtedly had in mind when it enacted

c. 74. The plaintiff also argues that the transactions here involved are not illegal under the law of the Bahama Islands because they took place in a duly licensed gambling casino. We do not agree. The "certificate of exemption" granted the plaintiff's assignor under c. 48, § 257 (10) (a),[2] of the Statute Law of the Bahama Islands, exempted it only from the criminal provisions of the Penal Code and cannot be construed as exempting it from the provisions of c. 74. Judgment is to enter for the defendant on all counts of the declaration.

*So ordered.*

---

[2] Chapter 48, § 257 (10) (a), provides: "It shall be lawful for the Governor to exempt any person, club or charitable organization from the provisions of this section and to issue a certificate to any such person, club or charitable organization certifying that exemption has been granted as aforesaid."