Brennan, J.
This is an action to enforce two valid judgments of a sister state in Massachusetts. The parties do not dispute the underlying obligations that form the basis of the New Jersey judgments. However, defendant/appellee asserts that the New Jersey judgments cannot be enforced in Massachusetts because the judgments relate to the repayment of monies used by defendant/appellee for gambling in New Jersey. Count II of plaintiff/appellant’s complaint seeks payment for hotel charges, which defendant appellee asserts were provided on a complementary basis. The facts as presented in the report are as follows:
On April 27, 1990, the plaintiff obtained a final New Jersey judgment against defendant Scotto in Superior Court of New Jersey, Law Division in the amount of $23,384.99 with cost. The judgment was based on defendant Scotto’s failure to repay $22,000.00 which he borrowed from plaintiff on May 18,1989. In order to obtain the funds, defendant provided plaintiff with a counter check. Defendant Scotto had expressly promised to repay this money. Defendant Scotto had incurred the $22,000.00 debt to the plaintiff while gambling at plaintiff’s casino. Plaintiff was unable to receive payment on the check as defendant Scotto’s bank account lacked sufficient funds to cover the amount of the check. Plaintiff then obtained a final judgment in New Jersey against defendant Scotto for this debt.
Cross motions for summary judgment were filed. After hearing, the Court found that the judgment relating to the gambling debt was unenforceable but the *6 judgment on the hotel charges was enforceable. Judgment was entered in favor of the defendant on Count I of the action, and for the plaintiff on Count II. The report only relates to the court’s judgment on Count I.
The issue presented to the Court is whether the trial judge committed error in denying plaintiff/appellant his right to seek enforcement of a valid final sister state judgment in this Commonwealth by granting summary judgment in favor of defendant/ appellee. Simply put, is a valid final civil sister state judgment enforceable in Massachusetts when the underlying action involves the failure to repay a gambling debt?
Defendant/appellee argues that the foreign judgment is unenforceable in Massachusetts as the underlying debt was for gambling, which defendant/appellee asserts is against Massachusetts public policy. Defendant/appellee relies on M.G.L.C. 235, §23A which provides in part, that
A foreign judgment shall not be recognized if the cause of action on which the judgment is based is repugnant to the public policy of the state.
However, in a similar case involving a suit for recovery of a gambling debt, incurred in the Bahamas Islands, the Court held that “on this issue, it has long been the rule in this Commonwealth that the law of the place where the contract was made governs.” Norton v. Dicker v. Leo M. Klein, 360 Mass. 735.
Section I, Full Faith and Credit Clause of the United States Constitution provided in part, that:
Full Faith and credit shall be given in each State to the Public Acts, Records, and judicial proceedings of every other State. U.S.C A Const., Art. 4, §1.
In Titus v. Wallick, 306 U.S. 282, 291, the Court stated:
It is the judgment and not the cause of action which gave rise to it for which credit is claimed, and this constitutional mandate requires credit to be given to a money judgment rendered on a civil cause of action in another state even though the forum would have been under no duty to entertain the suit on which judgment was founded (emphasis added)
This action is a suit to enforce a valid judgment of a sister state, which judgment would be enforceable in that sister state. Accordingly the Commonwealth must give fill faith and credit to the New Jersey judgment. It was error for the court to determine that the full faith and credit clause of the United States Constitution, U.S.C A. Const. Art. 4, §1, did not apply to valid sister state judgments concerning the enforcement of gambling debts. The plaintiff/appellee should be allowed to enforce the New Jersey judgment.
The trial court’s ruling on Count I of plaintiff’s complaint should be reversed. On Count I plaintiff/appellant’s motion for summary judgment is allowed and defendant/appellee’s motion for summary judgment on Count I is denied.